G. S. T., Appellee, *v.* City of Avon Lake, Appellant.

(No. 2617—Decided March 22, 1978.)

*Mr. James G. Tassie* and *Mr. Richard T. Laux,* for appellee.

*Mr. Dale E. Barnard* and *Mr. Michael F. Becker,* for appellant.

Bell, J. Plaintiff-appellee is a partnership and owner of certain real property located in the city of Avon Lake. In 1974, plaintiff began litigation with defendant. That litigation resulted eventually in a trial and appellate proceedings before both this and the Supreme Court, including this appeal. The original action requested that the trial court declare the ordinance zoning plaintiff's property as R-3 multiple family residential was unconstitution-

al as applied to that property. A history of the court actions resulting from the filing of plaintiff's requests is set forth in our opinions on case No. 2303 dated September 17, 1975, and March 30, 1977. We do not repeat that somewhat lengthy history here. Suffice it to say only that the lower court found the governing regulation unconstitutional as applied to the plaintiff's property and, after remand from the Supreme Court of Ohio, this court affirmed that decision. In August of 1977, plaintiff applied for a building permit and was advised by letter: (1) that the property was zoned multi-family residential and (2) until the council rezoned the property, plaintiff's application would not be accepted by the defendant planning commission for uses other than those permitted under the aforementioned zoning regulation.

Plaintiff then filed a second complaint in the same case, to wit, a proceeding under the authority of R. C. 2721.-09. After the defendant's motion for a continuance was denied, a hearing was had and the trial court issued a written opinion in favor of plaintiff on the issues raised in the complaint for further relief, including an award of attorney fees and costs. Defendant appeals from the judgment rendered.

Five claims of error are assigned here. They are:

"1. Where a trial court in a declaratory judgment action determines that a zoning ordinance is unconstitutional, it must then make a determination as to the reasonable use or uses of said property so as not to leave the property in an unzoned classification. The absence of such determination results in the failure of the trial court to specifically resolve the constitutional issue raised in the declaratory judgment action. Such failure would invalidate the judgment as a matter of law.

"2. The effect of declaring a zoning ordinance unconstitutional is to suspend the ordinance until the legislative authority has an opportunity to correct the defect.

"3. Attorney's fees cannot be awarded as part of costs or on a penalty basis in an action brought under the declaratory judgment act.

"4. The lower court in awarding attorney's fees ruled contrary to the weight of the evidence.

"5. The court abused its discretion by denying a motion for continuance of the hearing on the petition for further relief."

### I.

We first consider Assignment (5) which contends that the court abused its discretion in refusing defendant's request for a continuance of the hearing. The record before us does not sustain that view. The transcript shows no reiteration of the motion at the time of hearing and shows very adequate representation of defendant's interest made by counsel even though the law director was not personally present for the hearing. No requests for a continuance to obtain the latter's testimony were made in the record of proceedings. We reject Assignment of Error No. 5.

### II.

Assignments one and two are interrelated and are considered here together. The lower court's opinion, concerning further relief under the statutory provisions, stated that the effect of his prior ruling left the property unzoned. As the court put it, "there is no zoning regulation applicable."

Defendant's position is that the court failed to dictate and direct which zoning classification should apply—that since the court had declared the "old" zoning unconstitutional it should declare what zoning was now constitutionally permissible.

It is not the function of the trial court to establish the zoning classification regarding any particular property or district. This function is, and historically has been, the sole preserve of the municipal entity within whose territorial jurisdiction the property lies. The court has spoken to this same question in *Humble Oil* v. *City of Akron*, unreported, Ninth Appellate District No. 5607, decided July 28, 1965, citing therein *Barb.* v. *City of North Ridgeville* (our case No. 1656). Also cited are *Willott* v. *Beachwood* (1964), 175 Ohio St. 557, and *Curtiss* v. *Cleve-*

*land* (1959), 170 Ohio St. 127. In *Cleveland Trust Co.* v. *Brooklyn* (1952), 92 Ohio App. 351, it is said, in paragraph four of the syllabus, with approval of this court:

"Granting the jurisdiction of a court in a particular case to determine the validity of the whole or any part of a zoning ordinance in appropriation proceedings, such jurisdiction is limited to finding such regulation valid or invalid and the *court may not determine the ultimate classification of the zoned area or substitute its judgment for that of the legislative body.*" (Emphasis added.)

Each of the other cases cited commends the idea that zoning is a function of a municipality's legislative and executive authorities, not a function of the judiciary.

The end result of some four years of litigation in this cause is that the zoning classification originally applied to the property in question is constitutionally infirm. Such a result does not collaterally affix upon the trial court the duty to determine which zoning classification will be correct. Defendant should rezone the property as it determines, and the same shall be accomplished within ninety days from the date of this order. If necessary, the court shall determine the constitutional validity of the result of that action. Should a judicial opinion, for instance, declare a criminal statute invalid by reason of constitutional infirmity, the court has neither the duty nor indeed the power to enact a new statute to replace the old. The same parallel applies here.

We hold that where, as here, the trial court correctly declared a zoning regulation to be constitutionally invalid as applied to a specific property, it is not thereafter the duty of that court to determine which zoning regulation shall in fact apply. The rezoning of such property is a function of local administrative and legislative authority and is not a function of the judicial branch of government. Should the constitutional legitimacy of the new zoning regulation be contested, then and only then is the court system drawn into the question and not before. The judgment of the trial court here has removed the zoning category placed on the property. No chaos should result as fear-

ed by defendant. All that need be done is to rezone the property.

Our reading of *Flair Corp.* v. *Brecksville* (1976), 49 Ohio App. 2d 77, does not convince us that its reasoning should be followed here.

We reject assignments of error numbers one and two.

### III.

Assignments three and four relate to the court's assessment of costs as some $2,500 of corrective legal fees against defendant.

As a general rule in Ohio, attorney fees cannot be taxed as costs of the action absent specific statutory authority. It is thought that valid public policy underlies such a position. *Gustafson* v. *Cotco Enterprises, Inc.* (1974), 42 Ohio App. 2d 45; *Rocca* v. *Wilkie* (1977), 53 Ohio App. 2d 8; see also Dawson, Lawyers v. Involuntary Clients: Attorney Fees from Funds, 87 Harvard Law Review 1597 (June 1974).

The "American rule" as it is referred to in *Rocca, supra,* is applied by the Seventh Appellate District in *General Accident Assurance Corp.* v. *Motorists Mutl. Ins. Co.* (1965), 2 Ohio App. 2d 234. In that cause, plaintiff pursued an action under R. C. 2721.09 (as here) asking further relief in an original declaratory judgment action. Plaintiff there sought attorney and investigator fees expended in establishing facts concerning an automobile accident. The court's opinion reads, at page 235:

"The Declaratory Judgment Act does not provide for attorney fees and expenses incidental to suit brought under the Act. The legislature did not intend this relief to be available to the prevailing party. Only court costs may be awarded to the prevailing party by the court * * *."

However, relying on a portion of the dicta in *United States Fidelity and Guaranty Co.* v. *Nationwide Mutual Ins. Co.* (1959), 110 Ohio App. 363, the court allowed payment of certain fees in the tort action itself (the subject of the declaratory judgment).

In Borchard, Declaratory Judgments 438 *et seq.* (2d ed. 1941), the subject of further relief is discussed in

some detail. He, as well as others, views enactments granting such relief as "coercive or executory" in nature and ancillary to the act of declaration which precedes their infrequent use. We find no basis in his work, however, for the assessment of fees and costs as a part of the court's enforcement of its order. In a discussion of this subject in 22 American Jurisprudence 2d, we are cited to *New Hampshire Ins. Co.* v. *Christy* (Iowa, 1972), 200 N. W. 2d 834. That case followed New York (*Johnson* v. *General Mutual Ins. Co.* (1969), 24 N. Y. 2d 42, 246 NE 2d 713), and Georgia (*Maryland Casualty Co.* v. *Sammons* (1940), 63 Ga. App. 323, 11 S. E. 2d 89), as well as certain Minnesota decisions in refusing to award attorney fees in a declaratory judgment action unless there appeared on the part of the defendant some indication that he acted in "bad faith or fraudulently, or was stubbornly litigious." We believe this to be a sound rule of interpretation, finding as we do that the intent of the statute affording further relief in declaratory judgment actions is to afford the trial court the power to enforce its declaration of right. Subject to the limitation that the court must first find evidence of bad faith or fraud, or a stubborn propensity to needless litigation on the part of the defendant party, a court in its inherent power under R. C. 2721.09 may assess the opponents reasonable attorney fees and costs against him.

In the instant cause, the court found specifically that the defendant *conspired* to "prevent plaintiff from the * * * best use of (its) property." He delineates the action of plaintiff as being negligent, accidental *or deliberate*. We do not substitute our judgment for the trial court's in making such findings. Under these circumstances, we affirm the trial court's allowance of fees as indicated, and find no merit in assignment of error three.

*IV.*

Defendant, assuming arguendo that an award such as indicated above was proper, argues in assignment of error four that the amount thereof was not substantiated by the evidence. We agree with this contention.

The award allowed, if any, is to be predicated on the

court's finding of fact in regard to the claim for further relief as we have indicated above. No claim is made nor can one be made that defendant's choice of appellate remedies in this case was, in any manner, arbitrary, in bad faith, or obstinate and without purpose. The transcript of proceedings tends to indicate that the $2,500 fee discussed by Mr. Tassie with his client was "for the last appeals case (and the hearing for further relief) and his representation regarding permits * * *." The fee was mentioned "just before he (the attorney) appeared at the appeals court." The client testified that the fee was "for the appearance at the court of appeals and I suppose this case here." These statements contrast with the client's statement that the fee covered the period of time "from the last court of appeals." The time and service contracted for, rather than the reasonableness of the fee, is the threshold question to be determined here. In our opinion the preponderance of the evidence does not indicate that the fee mentioned covered only the work necessitated by defendant's failure to follow the dictates of the declaratory judgment.

We find merit in assignment of error four and reverse this matter as to this cause for further action by the trial court consistent with this opinion.

*Judgment reversed.*

MAHONEY, P. J., and VICTOR, J., concur.