**CORDER, Appellee,**

v.

**OHIO DEPARTMENT OF REHABILITATION & CORRECTIONS, Appellant.**

[Cite as *Corder v. Ohio Dept. of Rehab. & Corr.* (1996), 114 Ohio App.3d 360.]

Court of Appeals of Ohio,
Tenth District, Franklin County.

No. 96API03–341.

Decided Sept. 30, 1996.

*Helmer, Lugbill, Martins & Neff Co., L.P.A.*, and *Frederick M. Morgan, Jr.*, for appellee.

*Betty D. Montgomery*, Attorney General, and *Teri Jo Finfrock*, Assistant Attorney General, for appellant.

PETREE, Presiding Judge.

Defendant, Ohio Department of Rehabilitation and Corrections, appeals from a judgment of the Court of Claims of Ohio in favor in plaintiff, Shawn M. Corder. Defendant sets forth the following assignments of error:

"[I.] The trial court's award of damages for lost wages is against the manifest weight of the evidence and is unsupported by the requisite statutory authority.

"[II.] The trial court erred in awarding damages based solely on its application of the formula set forth in the wrongful imprisonment statute, R.C. 2743.48, in the absence of a finding of fact that Corder had proved any of the damages he had alleged.

"[III.] The trial court erred in awarding Corder attorney fees, as there is no statutory basis for the award and the award is against the manifest weight of the evidence.

"[IV.] The trial court erred in its conclusion that DRC acted in bad faith or showed a stubborn propensity or caused needless litigation, because DRC proper-

ly defended this action based on the well established principle that the APA has the sole authority to grant jail time credit."

On January 30, 1992, plaintiff filed an action against defendant in the Court of Claims of Ohio seeking damages arising from defendant's alleged wrongful imprisonment of plaintiff beyond his lawful term of incarceration. The Court of Claims granted judgment in favor of defendant, and plaintiff appealed to this court. This court in *Corder v. Ohio Dept. of Rehab. & Corr.* (1994), 94 Ohio App.3d 315, 640 N.E.2d 879, reversed the judgment of the Court of Claims and remanded the cause for a determination whether defendant had an intervening justification for confining plaintiff beyond the date he should have been released.

Upon remand to the Court of Claims, defendant did not introduce any evidence of an intervening justification for plaintiff's continued confinement. Accordingly, the Court of Claims proceeded to a hearing upon plaintiff's damages.

On February 15, 1996, the trial court issued findings of fact and conclusions of law. Therein, the Court of Claims found in favor of defendant and awarded defendant the sum of $16,106.50 in damages. Defendant appeals to this court from the judgment of the Court of Claims.

In defendant's first and second assignments of error, defendant contends that the trial court's award of damages is contrary to law and against the manifest weight of the evidence. We disagree.

If there is competent, credible evidence upon which the trial court could reasonably have based its factual findings, the judgment of the trial court must be affirmed. *Hartford Cas. Ins. Co. v. Easley* (1993), 90 Ohio App.3d 525, 630 N.E.2d 6; *Thirty Four Corp. v. Sixty Seven Corp.* (1993), 91 Ohio App.3d 818, 633 N.E.2d 1179. Indeed, this court has held that a determination by the trier of fact as to the amount of damages should not be set aside unless the damages awarded were so excessive as to appear to have been awarded as a result of passion or prejudice, or unless the amount is so manifestly against the weight of the evidence as to show a misconception by the trier of fact as to its duty. *Carter v. Simpson* (1984), 16 Ohio App.3d 420, 423, 16 OBR 490, 493–494, 476 N.E.2d 705, 708–709, citing *Toledo, C. & O. River RR. Co. v. Miller* (1923), 108 Ohio St. 388, 140 N.E. 617.

Defendant first argues that the Court of Claims' award of $2,500 for plaintiff's loss of wages is not supported by the evidence. In our view, plaintiff's testimony provides sufficient evidence to support the trial court's award.

During direct examination, plaintiff testified that he had always been self-supporting, and that prior to his incarceration, he had not been unemployed for more than one or two months at a time. Plaintiff testified that after his release from prison, he needed approximately one month to recuperate from his ordeal

before he could obtain employment. During that period, he received public assistance. Plaintiff also stated that in mid-March of 1991, he obtained work as an independent contractor with a company that installed cable television systems for a local cable operator. Plaintiff estimated that he made approximately $500 to $600 per month at this position, which he held through May 1991. Thereafter, plaintiff went to work for another company in the same business making approximately $60 to $70 per day, when work was available. Plaintiff testified that he made approximately $500 to $700 per month with this company. Plaintiff worked at this position for one or two months before taking a job as a telemarketing representative with another company. Plaintiff held this position "on and off" for the next three years, making approximately $800 to $900 per month.

Plaintiff's testimony, if believed, supports a finding that plaintiff made between $2,000 and $2,600 in the five-month period immediately following his release, even though plaintiff admittedly did not work at all for the first month after his release. Nevertheless, defendant argues that plaintiff's testimony was not believable given his failure to support any of his wage claims with documentation, such as pay stubs, employee records, or tax returns. However, plaintiff explained that he was not able to obtain supporting documentation because his prior employers were no longer in business and because he had not filed a tax return. Moreover, while the weight and credibility of plaintiff's testimony would certainly have been bolstered by additional documentary evidence, in our view, under these circumstances, plaintiff was not required to produce such documentation to make his case for lost wages.

Defendant also attacks plaintiff's wage testimony by arguing that plaintiff could not possibly have made $2,500 in five months, in light of his admission that he did not file a tax return for the year following his release. When asked why he did not have tax returns to support his lost wage claim, plaintiff explained that he did not make enough money to file a return. There is some testimony in the record that the federal income tax filing threshold is $6,000 per year for private contractors. Defendant argues that, if plaintiff never made $6,000 in one year, he could not have lost $2,500 in wages in the five months after his release.

However, the issue for the Court of Claims was not whether plaintiff was legally required to file a tax return but, rather, whether plaintiff actually suffered lost wages and, if so, the amount of those lost wages. In our view, the minor conflict in plaintiff's testimony raised issues of his credibility as a witness and the evidentiary weight of his testimony. The credibility of witnesses and the resolution of conflicts in the evidence are matters exclusively for the trier of fact. *Crull v. Maple Park Body Shop* (1987), 36 Ohio App.3d 153, 521 N.E.2d 1099. Obviously, the trial court chose to accept plaintiff's testimony despite the appar-

ent conflict. We cannot say that the trial court lost its way in resolving the conflict in plaintiff's testimony in making its award of damages for lost wages.

■ Defendant next contends that the Court of Claims erred by applying R.C. 2743.48 in awarding plaintiff the sum of $68.50 per day in damages for each day plaintiff was wrongfully imprisoned. In its conclusions of law, the Court of Claims noted:

"R.C. 2743.48 was used as a *guideline* and permits a *wrongfully imprisoned individual* damages including, but not limited to, costs, twenty-five thousand dollars for each full year he was imprisoned, and for each part of a year that he was so imprisoned, a prorated share of twenty-five thousand dollars; also, loss of wages that directly flowed from his wrongful imprisonment; plus *attorney fees*[.]" (Emphasis *sic.*)

In *Bennett v. Ohio Dept. of Rehab. & Corr.* (1991), 60 Ohio St.3d 107, 573 N.E.2d 633, the Supreme Court held that R.C. 2743.48 does not provide the exclusive damages remedy for prisoners who have been improperly incarcerated, but supplements the tort of false imprisonment to allow recovery in some cases when recovery was not available. *Id.* at 111, 573 N.E.2d at 637. Thus, recovery under R.C. 2743.48 is limited to those individuals who are "wrongfully imprisoned" as that term is used in the statute. *Id.*[1]

In this case, plaintiff concedes that he is not a "wrongfully imprisoned" individual as that term is defined in R.C. 2743.48, since his conviction was not vacated, dismissed, or reversed on appeal. See R.C. 2743.48(A)(4). Consequently, plaintiff's damages for false imprisonment are to be determined in accordance with the common law rather than under R.C. 2743.48(E)(2).

At trial, plaintiff testified that just one week before his scheduled release date, he was notified by prison officials that his incarceration would continue another one hundred forty-nine days. Plaintiff testified that he was devastated by this news and that he became angry and more lonely than he had been during his entire incarceration. Plaintiff also stated he began having more difficulty sleeping. Plaintiff testified that, during his prolonged imprisonment, he was unable to

---

1. R.C. 2743.48(E)(2) provides:

"In a civil action as described in division (D) of this section, upon presentation of requisite proof to the court, a wrongfully imprisoned individual is entitled to receive a sum of money that equals the total of each of the following amounts:

"(a) The amount of any fine or court costs imposed and paid, and the reasonable attorney's fees and other expenses incurred by the wrongfully imprisoned individual in connection with all associated criminal proceedings and appeals, and, if applicable, in connection with obtaining his discharge from confinement in the state penal or reformatory institution;

"(b) For each full year that he was imprisoned in the state correctional institution for the offense of which he was found guilty, twenty-five thousand dollars, and for each part of a year that he was so imprisoned, a pro-rated share of twenty-five thousand dollars[.]"

attend the funeral of his uncle, who had raised him as a father. According to plaintiff, he was not notified by prison officials of his uncle's death until two weeks after his uncle's passing. Additionally, plaintiff was unable to celebrate the Thanksgiving and Christmas holidays with his family by reason of his prolonged incarceration.

Plaintiff also described the conditions of his incarceration, stating that he was housed in a dormitory-style facility with seventy-five to one hundred other inmates, and that he was required to eat, sleep, dress, and use restroom facilities without privacy. Plaintiff stated that he witnessed acts of violence and theft during his incarceration. Plaintiff did acknowledge, however, that the conditions of his confinement after his originally scheduled release date were the same as those he experienced during his lawful incarceration.

■■■ Plaintiff's unrebutted testimony regarding his emotional stress arising from his unlawful imprisonment is sufficient to support an award of damages to plaintiff. Similarly, in our view, the Court of Claims' award of sum of $10,206.50 to plaintiff for enduring one hundred forty-nine days of incarceration is not excessive in light of his testimony. The damages awarded to plaintiff for his loss of freedom and emotional injuries were not unreasonable in proportion to the amount of lost wages. Although the Court of Claims indicated that it used R.C. 2743.48(E) as a guide to determining amount of damages, we do not believe that the trial court's use of the statutory formula amounts to a reversible error, given the inherent difficulty in quantifying damages for emotional injuries and the loss of personal freedom. For the foregoing reasons, defendant's first and second assignments of error are overruled.

In defendant's third and fourth assignments of error, defendant argues that the trial court erred in awarding attorney fees to plaintiff. We agree.

■■■ The Court of Claims' award of attorney fees in the sum of $3,400 was based on the trial court's factual finding that "defendant's actions demonstrated a stubborn propensity and caused needless litigation justifying the imposition of reasonable attorney fees." In setting forth the legal justification for the award, the Court of Claims cited *Motorists Mut. Ins. Co. v. Trainor* (1973), 33 Ohio St.2d 41, 62 O.O.2d 402, 294 N.E.2d 874, a case involving an insurer's bad faith in refusing to defend a claim brought against its insured, and *G.S.T. v. Avon Lake* (1978), 59 Ohio App.2d 84, 13 O.O.3d 142, 392 N.E.2d 901, wherein the court held that attorney fees may be awarded to the prevailing party in a declaratory judgment action if there is evidence of bad faith or fraud, or stubborn propensity to needless litigation on the part of the defending party. Since this case does not involve either a dispute between an insured and an insurer, or a declaratory judgment action brought pursuant to R.C. 2721.09, *Motorists Mut.* and *G.S.T.*,

*supra,* are distinguishable. Indeed, the general rule in Ohio is that attorney fees cannot be taxed as costs of the action absent specific statutory authority. *Sorin v. Bd. of Edn.* (1976), 46 Ohio St.2d 177, 75 O.O.2d 224, 347 N.E.2d 527. Although the trial court's factual finding that defendant was stubbornly litigious might conceivably justify an award of attorney fees under R.C. 2323.51, Ohio's frivolous conduct statute, an action for fees under that section must be brought by motion of the parties. See R.C. 2323.51(B)(2). There was no such motion in this case.

In short, we hold that the trial court erred in awarding attorney fees to plaintiff. Accordingly, defendant's third and fourth assignments of error are sustained.

Having overruled defendant's first and second assignments of error, but having sustained defendant's third and fourth assignments of error, we hereby reverse the judgment of the Court of Claims of Ohio as it relates to attorney fees and affirm the judgment in all other respects. Accordingly, this cause is remanded to the Court of Claims of Ohio for further proceedings consistent with the law and with this opinion.

*Judgment affirmed in part,*
*reversed in part*
*and cause remanded.*

PEGGY BRYANT and LAZARUS, JJ., concur.