RAINEY, Appellant,

v.

LORAIN CORRECTIONAL FACILITY, Appellee.

[Cite as *Rainey v. Lorain Correctional Facility* (1997), 121 Ohio App.3d 428.]

Court of Appeals of Ohio,
Tenth District, Franklin County.

No. 96API08–1003.

Decided June 19, 1997.

Raymond Becker, for appellant.

Betty D. Montgomery, Attorney General, and Teri Jo Finfrock, Assistant Attorney General, for appellee.

Petree, Judge.

Plaintiff, Thomas R. Rainey, appeals from a judgment of the Court of Claims of Ohio awarding him damages for his false imprisonment by defendant, Lorain Correctional Facility. Plaintiff sets forth the following assignments of error:

"[I.] The court committed prejudicial error in failing to find that the plaintiff had proved he suffered a loss of income and accordingly award him the amount of $5,444.00 and further in failing to find that the plaintiff is entitled to damages for the emotional suffering arising out of the defendant's interference with the plaintiff's contract of employment.

"[II.] The court committed prejudicial error in failing to find that the plaintiff is entitled to compensatory damages in excess of the $479.45 for the fourteen days of unlawful and intentional incarceration of the plaintiff.

"[III.] The court committed prejudicial error in failing to find that the plaintiff is entitled to an award of reasonable attorney fees in the prosecution of the action.

"[IV.] The court committed prejudicial error in failing to find that the plaintiff is entitled to an award of punitive damages against the defendant."

In 1992, plaintiff was incarcerated in the Lorain Correctional Facility, defendant herein, following his conviction on various drug charges. Plaintiff was released from incarceration November 13, 1992. On November 2, 1993, plaintiff filed the instant action in the Court of Claims of Ohio seeking damages from defendant based on a claim of false imprisonment. The liability aspect of plaintiff's claim was tried to the court on October 11, 1994. The Court of Claims concluded that defendant had wrongfully imprisoned plaintiff for fourteen days beyond his lawful term. At a subsequent hearing on damages, plaintiff was awarded compensatory damages in the sum of $479.45, plus costs of $367.50. Unsatisfied with the trial court's damage award, plaintiff appealed to this court from the judgment of the Court of Claims.

In plaintiff's first assignment of error, plaintiff contends that the trial court erred in failing to award damages for loss of income and for emotional distress. The trial court determined that plaintiff had not met his burden of production on the issue of lost wages. In its decision, the court stated:

"Next, plaintiff is entitled to compensation for lost wages. Plaintiff must prove, by a preponderance of the evidence, that he sustained lost wages, salary or other earned income as a result of his wrongful incarceration for fourteen days. In plaintiff's brief, he notes 'defendant has established that his loss of income for an eighteen day period to be $7,000 before taxes.' [Sic.] Plaintiff apparently based this statement upon the 'stipulations by the parties' filed on January 16,

1996, that defendant's counsel did not agree to (and was not considered by the court). *The court can find no other proof of lost wages, salary or other earned income. As a result, the court finds that plaintiff has not met his burden of production with respect to this type of damage.* Therefore, this court cannot award him compensation for any loss of wages, salary or other earned income." (Emphasis added.)

Plaintiff points out that a signed stipulation incorporating evidence admitted at the hearing of October 11, 1994 was submitted to the court on January 30, 1996. According to plaintiff, evidence in support of his wage-loss claim was admitted at the prior hearing. Defendant concedes that such a stipulation was submitted to the court, but argues that no credible evidence of wage loss was presented at the hearing.

The transcript of the October 11, 1994 hearing contains testimony regarding a letter submitted by a prospective employer of plaintiff. This letter was admitted into evidence as plaintiff's Exhibit 4. In the letter, the employer states that plaintiff was offered a position of employment prior to his arrest, that plaintiff would have made $7,000 less taxes in the eighteen days preceding his actual release, and that this position was filled by another due to plaintiff's unavailability. The transcript also contains plaintiff's own opinion regarding his lost wages.

■ The trial court's decision indicates that the court did not consider the evidence produced at the prior hearing in ruling on plaintiff's entitlement to recovery for lost wages. As a result, plaintiff's wage-loss claim was not given proper consideration by the court. See *Baum v. Augenstein* (1983), 10 Ohio App.3d 106, 108, 10 OBR 129, 131, 460 N.E.2d 701, 703–704. Defendant argues that plaintiff was not prejudiced by the trial court's failure to consider plaintiff's wage-loss evidence because that evidence was totally speculative and unworthy of belief. However, the trial court made no specific finding regarding the weight and credibility of plaintiff's wage-loss evidence. On appeal, this court cannot simply presume that the trial court considered plaintiff's wage-loss evidence and found it incredible. *Millar v. Bowman* (1983), 13 Ohio App.3d 204, 13 OBR 253, 468 N.E.2d 754. This is particularly true in a case such as this, where the presumption contradicts the plain language of the court's written decision. While we must acknowledge the contradictory and speculative nature of plaintiff's wage-loss testimony, at a minimum, plaintiff was entitled to have the weight and credibility of his testimony determined by the trier of fact in this case. Therefor, plaintiff's first assignment of error is sustained as it relates to his recovery of lost wages.

■ Plaintiff next contends that the trial court erred by failing to award damages for emotional distress. Plaintiff argues that his emotional injuries were

compensable as a direct and proximate result of defendant's intentional interference with his contract of employment. The record, however, contains no evidence whether defendant knew of plaintiff's offer of employment with Viking Plumbing. Consequently, plaintiff cannot possibly prevail on his claim of intentional interference with his employment opportunity. See 4 Restatement of the Law 2d, Torts (1977) 17, Section 766(A).

With regard to the trial court's statement that plaintiff could not recover additional damages for emotional distress because he had not produced sufficient evidence to satisfy his prima facie case for intentional infliction of emotional distress, we agree that plaintiff did not produce any evidence of "extreme and outrageous conduct" by defendant or "serious emotional distress." See *Yeager v. Local Union 20* (1983), 6 Ohio St.3d 369, 6 OBR 421, 453 N.E.2d 666. However, in our view, plaintiff's emotional injuries were compensable as an element of damages for his false imprisonment. Indeed, the measure of damages for false imprisonment is that sum that will reasonably compensate the plaintiff for the wrong done him, which may include the injury to his feelings, damage to his reputation, and other elements which combined to make up the injury naturally flowing from the wrong. Thus, we disagree with the trial court's assessment of plaintiff's burden of proof with respect to the recovery of damages for emotional distress.

Nevertheless, we note that the trial court did award plaintiff compensatory damages in the sum of $479.45. The court did so even though it expressly found that plaintiff did not qualify for statutory damages under R.C. 2743.48 and had not produced any evidence of lost wages. Thus, the trial court's award of damages must necessarily have contained some compensation for plaintiff's emotional injuries. Accordingly, on this record, we cannot find any reversible error with respect to the issue of plaintiff's emotional distress.

For the foregoing reasons, plaintiff's first assignment of error is sustained as it relates to his claim for lost wages but overruled as it relates to his claim for emotional injuries.

In plaintiff's second assignment of error, plaintiff contends that the trial court erred by awarding him only $479.45 in compensatory damages for his fourteen days of additional incarceration. The trial court, as stated above, used the statutory sum as a guideline, stating:

"In plaintiff's case, under R.C. 2743.48(E)(2)(b), if it were applicable, plaintiff would be entitled to $958.90 for his fourteen days of wrongful imprisonment. Additionally, plaintiff would be entitled to loss of wages, salary or other earned income lost as a result of his wrongful imprisonment under R.C. 2743.48(E)(2)(c).

"Since plaintiff is not a wrongfully imprisoned individual, but is, instead, an individual who was incarcerated fourteen days longer then he should have been, plaintiff is entitled to compensation, but not the full compensation under R.C. 2743.48. The court agrees with defendant that a reduction of the amount of compensation by fifty percent is appropriate since plaintiff is not a wrongfully imprisoned individual under R.C. 2743.48. Thus, the court awards $479.45 to plaintiff as compensation for the fourteen days of wrongful incarceration."

■ The court of appeals will overturn an award of damages by the trial court where the award is so grossly inadequate as to be the result of passion or prejudice or it is manifestly against the weight of the evidence. *Corder v. Ohio Dept. of Rehab. & Corr.* (1996), 114 Ohio App.3d 360, 683 N.E.2d 121. In *Corder*, we held that the Court of Claims did not err by using the statutory formula set out in R.C. 2743.48 as a guideline in awarding compensatory damages to an inmate who had been imprisoned beyond his lawful term.

■ In this instance, the trial court also used the statutory formula as a guideline, but awarded plaintiff only one-half of the statutory amount. The trial court explained the lower award by pointing out that an individual who was incarcerated beyond his lawful term, such as plaintiff herein, is not in the same position as a person who should never have been incarcerated at all. In our view, the trial court set forth a plausible explanation for its damage award. Moreover, plaintiff did not present the trial court with any evidence to support a greater award. In short, we cannot say that the trial court's award was a result of prejudice toward plaintiff or manifestly against the weight of the evidence. Plaintiff's second assignment of error is overruled.

In plaintiff's third and fourth assignments of error, plaintiff contends that the trial court erred by not awarding punitive damages and/or reasonable attorney fees. We disagree.

■ In *Drain v. Kosydar* (1978), 54 Ohio St.2d 49, 8 O.O.3d 65, 374 N.E.2d 1253, the Ohio Supreme Court determined that R.C. Chapter 2743, which codifies the state's waiver of its sovereign immunity, does not permit the recovery of punitive damages against the state, unless those damages are specifically authorized by another statute. *Id.* at 55–56, 8 O.O.3d at 68, 374 N.E.2d at 1256–1257. Plaintiff has cited no statutory authorization for an award of punitive damages in this case. Accordingly, given the clear mandate by the Ohio Supreme Court, it is our determination that the trial court did not err by refusing to award punitive damages to plaintiff.

■ Similarly, under Ohio law, absent express statutory authorization, a plaintiff is not entitled to recover attorney fees where punitive damages are not awarded. See, *e.g., Davis v. Tunison* (1959), 168 Ohio St. 471, 7 O.O.2d 296, 155

N.E.2d 904; *Langhorst v. Riethmiller* (1977), 52 Ohio App.2d 137, 142, 6 O.O.3d 101, 104, 368 N.E.2d 328, 331–332; and *Columbus Finance, Inc. v. Howard* (1975), 42 Ohio St.2d 178, 183, 71 O.O.2d 174, 176–177, 327 N.E.2d 654, 658. Plaintiff has cited no statute which would authorize his recovery of attorney fees in this case. Since plaintiff is not permitted to recover punitive damages against the state of Ohio, plaintiff cannot recover his attorney fees. See *Henry v. Akron* (1985), 27 Ohio App.3d 369, 27 OBR 465, 501 N.E.2d 659.

For the foregoing reasons, plaintiff's third and fourth assignments of error are overruled.

Having overruled plaintiff's second, third, and fourth assignments of error, but having sustained plaintiff's first assignment of error in part, we hereby reverse the judgment of the Court of Claims of Ohio and remand this cause for further proceedings in accordance with the law and this opinion.

*Judgment reversed*
*and cause remanded.*

BOWMAN and LAZARUS, JJ., concur.