**CLARK**

v.

**OHIO DEPARTMENT OF REHABILITATION AND CORRECTION.**

Court of Claims of Ohio.

No. 98–10107.

Decided Feb. 3, 2000.

*Michael E. George,* for plaintiff.

*Betty D. Montgomery,* Attorney General, *Sally Ann Walters* and *Lisa M. Donato,* Assistant Attorneys General, for defendant.

---

FRED J. SHOEMAKER, Judge.

Plaintiff Bernard Clark asserts a cause of action against defendant for false imprisonment. Defendant denies liability. The court conducted a trial in this matter on the issues of liability and damages. The findings and conclusions herein are derived from the documents and pleadings contained in the case file, the evidence introduced at trial, and the presentations made by the parties.

On April 22, 1997, plaintiff was sentenced to a definite term of ten months for possession of cocaine, under Count One of the indictment in case No. CR 97–03–0542 in the Court of Common Pleas of Summit County. Plaintiff was received at Lorain Correctional Institution ("LCI") on May 2, 1997. On June 30, 1997, plaintiff was released into the custody of the Summit County Sheriff's Office to be returned to court for sentencing on additional charges. On July 1, 1997, plaintiff was returned to the Summit County Court of Common Pleas and pled guilty to domestic violence (Count Five) and having a weapon while under disability with firearm specification (Count Six) under the above-mentioned case number. Plaintiff was sentenced to a definite term of six months for the domestic-violence charge and a definite term of six months for the having-a-weapon-while-under-disability charge. No penalty was assessed for the firearm specification. The court further ordered that the sentences imposed for the domestic-violence and

weapons charges were to be served consecutively. In addition, the court ordered that "the sentence imposed previously in this case on Count One (1) be served CONCURRENTLY and not consecutively with the sentence imposed in Counts Five (5) and Six (6), for a total of one year."

Plaintiff was returned to LCI on July 8, 1997. On March 20, 1998, the Summit County Court of Common Pleas granted plaintiff twenty-six days of jail-time credit for time served in the Summit County Jail, which includes the following dates: March 11, 1997; April 7 through April 11, 1997; April 22 through May 2, 1997; and June 30 through July 8, 1997.

On August 9, 1999, this court found, as a matter of law, that plaintiff was to serve a total of one year on all counts based upon the July 1, 1997 Summit County Court of Common Pleas sentencing entry. This court further found that defendant imprisoned plaintiff for over one year. The amount of time plaintiff was actually imprisoned beyond the lawful term of his incarceration and the determination of damages were left for determination at trial.

Based upon the evidence introduced at trial, the court finds that plaintiff arrived in prison to begin his first sentence on May 2, 1997. Therefore, since plaintiff was sentenced to one year in prison, plaintiff's sentence expired on May 1, 1998. Plaintiff was granted twenty-six days of jail-time credit, which must be deducted from his sentence. However, only sixteen of the twenty-six days of credit represent time served before May 2, 1997. Those days are the following: March 11; April 7 through 11; April 22 through 30; and May 1, 1997. Therefore, May 1, 1998, minus sixteen days results in an expiration date of April 15, 1998. Plaintiff was actually released on May 29, 1998, a difference of forty-four days. Therefore, the court finds that plaintiff was falsely imprisoned for a period of forty-four days.

██ Plaintiff was not an innocent person found wrongfully imprisoned under R.C. 2743.48. Instead, plaintiff was an inmate, properly incarcerated, but who was incarcerated illegally for forty-four days. The court is not bound by, but may consider, R.C. 2743.48 in determining the amount of plaintiff's damages.

R.C. 2743.48(E)(2) entitles an innocent person who is found to be wrongfully imprisoned under that statute to receive compensation equaling the total of each of the following amounts:

"(b) For each full year that he was imprisoned in the state correctional institution for the offense of which he was found guilty, twenty-five thousand dollars, and for each part of a year that he was so imprisoned, a pro-rated share of twenty-five thousand dollars;

"(c) Any loss of wages, salary, or other earned income that directly resulted from his arrest, prosecution, conviction, and wrongful imprisonment."

Since plaintiff is not a wrongfully imprisoned individual, but is, instead, an individual who was incarcerated forty-four days longer than he should have been, plaintiff is entitled to compensation, but not the full compensation under R.C. 2743.48. The court finds that a reduction of the amount of compensation by fifty percent is appropriate, since plaintiff is not a wrongfully imprisoned individual under R.C. 2743.48. Thus, the court finds that plaintiff is entitled to $1,507 as compensation for the forty-four days he was falsely imprisoned. See *Rainey v. Lorain Corr. Facility* (1997), 121 Ohio App.3d 428, 700 N.E.2d 90; *Corder v. Ohio Dept. of Rehab. & Corr.* (1996), 114 Ohio App.3d 360, 683 N.E.2d 121.

Plaintiff testified that his father was diagnosed with cancer at some point during his incarceration and that he lost forty-four days that he could have spent with his father before he died on August 25, 1998. A plaintiff's emotional injuries are compensable as an element of damages for false imprisonment. *Rainey, supra,* at 432, 700 N.E.2d at 93. The court in *Rainey* found that damages for emotional injuries are contemplated in the statutory guideline found in R.C. 2743.48. However, based upon the totality of the evidence, the court finds that plaintiff is entitled to an additional $600 for emotional injuries as a result of his false imprisonment.

Plaintiff is also entitled to compensation for lost wages. Plaintiff must prove by a preponderance of the evidence that he sustained lost wages, salary, or other income as a result of his forty-four days of false imprisonment. At trial, plaintiff presented evidence that, six days after his release, he obtained employment at a restaurant making $7.50 per hour, and that he worked an average of thirty-two hours per week. Therefore, the court finds that plaintiff has proven by a preponderance of the evidence that he is entitled to $1,296 for lost wages, which represents 5.4 weeks of lost wages at $7.50 per hour, for thirty-two hours per week.[1]

On September 13, 1999, plaintiff filed an "application for an order requiring defendant to pay reasonable expenses," requesting that should plaintiff prove at trial that defendant falsely imprisoned him fifty-four or more days, defendant be ordered to recompense plaintiff's reasonable attorney fees and expenses, as well as any other relief the court deems appropriate. Based upon the fact that this court has found that plaintiff was falsely imprisoned for only forty-four days, plaintiff's motion is OVERRULED. In addition, if R.C. 2743.48(F) were applicable, plaintiff would be entitled to attorney fees. However, since plaintiff is not a wrongfully imprisoned individual, the court shall not apply

---

1. The court subtracted six days from forty-four to arrive at a total of thirty-eight days, or 5.4 weeks, to make calculations, since plaintiff did not work for six days after his release.

R.C. 2743.48(F). In Ohio, the general rule is that attorney fees cannot be taxed as costs of the action absent specific statutory authority. *Sorin v. Warrensville Hts. School Dist. Bd. of Edn.* (1976), 46 Ohio St.2d 177, 75 O.O.2d 224, 347 N.E.2d 527. Thus, the court finds that plaintiff is not entitled to payment of attorney fees.

Therefore, the court finds that plaintiff has proven by a preponderance of the evidence that he is entitled to an award in the total amount of $3,428 for his false imprisonment, which includes the $25 filing fee paid by plaintiff. Judgment shall be rendered in favor of plaintiff.

*Judgment for plaintiff.*

FRED J. SHOEMAKER, J., retired, of the Franklin County Court of Common Pleas, sitting by assignment.