DECISION AND JOURNAL ENTRY
Appellants, Copley Township and Copley Township Board of Trustees (hereinafter jointly referred to as "Copley"), appeal the Summit County Court of Common Pleas' entry of declaratory judgment against them. We reverse.
Appellees, James M. Schulte, Kristi A. Schulte, John R. Meech, Nancy E. Shea, James A. Moore, Carol N. Moore, John R. Meech, Robert F. Tyree, Connie L. Tyree, David W. Hickman, Vera E. Meech (hereinafter collectively referred to as the "property owners"), own property at the edge of Copley Township bordered by the City of Fairlawn and I-77. They applied to have their property rezoned from its current R-3 (residential) designation to C-2 (commercial). After conducting a hearing on March 9, 1998, the Copley Township Board of Trustees denied their request to rezone their property on May 14, 1998.
On July 24, 1998, the property owners filed a complaint in the Summit County Court of Common Pleas seeking declaratory judgment. They requested that the trial court declare the R-3 zoning classification unconstitutional as applied to their property. On February 11, 1999, Copley filed a motion for summary judgment. The property owners answered in opposition and filed a cross-motion for summary judgment on February 16, 1999. On July 26, 1999, the trial court granted the property owners' motion for summary judgment, denied Copley's motion for summary judgment, and ordered Copley to rezone the property owners' parcels to C-2 commercial use. This appeal followed.
Copley asserts four assignments of error. As they implicate similar issues, we will address them together.
 First Assignment of Error THE TRIAL COURT ERRED IN HOLDING THAT IT IS UNCONSTITUTIONAL TO DENY REZONING IN ORDER TO REGULATE AND LIMIT TRAFFIC.
 Second Assignment of Error THE TRIAL COURT ERRED IN FINDING THAT APPELLANT [sic] FAILED TO SET FORTH ANY MATERIAL FACT(S) DEMONSTRATING THAT THE ZONING REGULATION WAS SUBSTANTIALLY RELATED TO THE PUBLIC HEALTH, SAFETY, MORALS, OR GENERAL WELFARE OF THE COMMUNITY.
 Third Assignment of Error THE TRIAL COURT ERRED IN FINDING THAT APPELLANT [sic] FAILED TO SET FORTH A GENUINE ISSUE [sic] OF FACT(S) AS TO THE ECONOMIC FEASIBILITY OF THE PERMITTED USE OF THE PROPERTY.
 Fourth Assignment of Error THE TRIAL COURT ERRED IN ORDERING APPELLANT TO REZONE APPELLEE'S PROPERTY.
Copley avers that the trial court erred in granting summary judgment as material issues of fact remain to be determined as to whether the current zoning scheme is substantially related to public health, safety, or other legitimate state interests and whether there was an economically feasible use of the property under the current zoning designation. Furthermore, Copley asserts that the trial court erred in its application of the law when it determined that it is not constitutionally permissible to deny rezoning to control traffic volume and flow in the interest of public health and safety. Finally, Copley argues that the trial court erred as a matter of law when it ordered Copley to rezone the property. We agree.
Pursuant to Civ.R. 56(C), summary judgment is proper if:
 (1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party.
Temple v. Wean United, Inc. (1977), 50 Ohio St.2d 317, 327. Appellate review of a lower court's entry of summary judgment is de novo, applying the same standard used by the trial court. McKay v. Cutlip (1992), 80 Ohio App.3d 487, 491. The party seeking summary judgment initially bears the burden of informing the trial court of the basis for the motion and identifying portions of the record demonstrating an absence of genuine issues of material fact as to the essential elements of the nonmoving party's claims. Dresher v. Burt
(1996), 75 Ohio St.3d 280, 293. The movant must point to some evidence in the record of the type listed in Civ.R. 56(C) in support of his motion. Id. Once this burden is satisfied, the nonmoving party has the burden, as set forth in Civ.R. 56(E), to offer specific facts showing a genuine issue for trial. Id. The nonmoving party may not rest upon the mere allegations and denials in the pleadings but instead must point to or submit some evidentiary material that shows a genuine dispute over the material facts exists. Henkle v.Henkle (1991), 75 Ohio App.3d 732, 735.
"Zoning ordinances are presumed constitutional." GoldbergCos., Inc. v. Richmond Hts. City Council (1998), 81 Ohio St.3d 207,209. "`To strike a zoning ordinance on constitutional grounds appellants must demonstrate, beyond fair debate, that the zoning classification is unreasonable and not necessary to the health, safety and welfare of the municipality.'" Id. at 212, quoting Karches v. Cincinnati (1988), 38 Ohio St.3d 12, 19. Moreover, the municipality's justification, if based on police powers, need only be rationally related to health, safety, morals or general welfare. Goldberg, 81 Ohio St.3d at 213-14. Moreover, "a municipality may properly exercise its zoning authority to preserve the character of designated areas in order to promote the overall quality of life within the city's boundaries." Cent.Motors Corp. v. Pepper Pike (1995), 73 Ohio St.3d 581, 585.
 Further, while traffic considerations may not always be sufficient, in and of themselves, to justify a particular zoning ordinance, [the Ohio Supreme Court] has held several times that a "city may lawfully regulate [safety hazards] pursuant to its police powers: protection of pedestrians and drivers, elimination of traffic congestion and reduction of air and noise pollution."
(Second alteration original). Id., quoting Brown v.Cleveland (1981), 66 Ohio St.2d 93, 96. Finally, "`the court can not usurp the legislative function by substituting its judgment for that of the council. Municipal governing bodies are better qualified, because of their knowledge of the situation, to act upon these matters than are the courts.'"Leslie v. Toledo (1981) 66 Ohio St.2d 488, 491, quotingWillott v. Beachwood (1964), 175 Ohio St. 557, 559-60.
This court has previously stated that if "a trial court correctly declares a zoning regulation to be constitutionally invalid as it applies to specific property, it is not thereafter the duty of that court to determine what zoning regulation shall, in fact, apply." G.S.T. v. Avon Lake (1978), 59 Ohio App.2d 84,84.
In the instant case, construing the facts in a light most favorable to the nonmoving party, Copley provided studies and maps indicating that traffic congestion and pollution were concerns to rebut the property owners' motion for summary judgment. We conclude that such evidence implicated safety and environmental concerns, which Copley may lawfully regulate to minimize pursuant to its police powers, as well as to improve aesthetic concerns. Moreover, Copley asserted that the neighborhood in which the property owners reside is residential, although bordered by some commercial uses. Hence, we conclude that material issues of fact remain as to whether the property is economically viable as a residential use and whether the zoning regulation was rationally related to one of the hazards that the city may lawfully regulate to minimize pursuant to its police powers. Furthermore, Copley's "refusal to grant appellee[s'] rezoning request [may be] reasonable, non-arbitrary and constitutional simply because the subject property is located in a residential area." Leslie,66 Ohio St.2d at 490. Finally, we conclude that zoning to regulate traffic may be constitutionally permissible pursuant to Copley's police powers, given sufficient justification.
Copley also challenges the trial court's order directing it to rezone the property in question. We conclude that the trial court erred as it is manifestly the province of the municipal government rather than the courts to determine what zoning is proper for a given area because, even if one zoning classification is unconstitutional, several other classifications may be permissible possibilities within the municipal government's legislative discretion. See Union Oil Co. of California v.Worthington (1980), 62 Ohio St.2d 263, 266. Accordingly, Copley's four assignments of error are sustained. The judgment of the Summit County Court of Common Pleas is reversed and the cause is remanded for further proceedings not inconsistent with this opinion.
Judgment reversed, and cause remanded.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellees. Exceptions.
 ______________________________________ WILLIAM G. BATCHELDER, FOR THE COURT.
SLABY, J. and CARR, J. CONCUR.