OPINION
{¶ 1} Plaintiff-appellant, Derek Trice, appeals from a judgment of the Ohio Court of Claims granting the summary judgment motion of defendant-appellee, Ohio Department of Rehabilitation and Correction ("ODRC"), and denying plaintiff's summary judgment motion. Because the trial court properly granted summary judgment to ODRC, *Page 2 
and denied summary judgment to plaintiff on plaintiff's claim that ODRC falsely imprisoned him, we affirm.
 {¶ 2} The facts underlying plaintiff's appeal are undisputed. According to evidence submitted with the cross-motions for summary judgment, on January 21, 2004, the Cuyahoga County Court of Common Pleas sentenced plaintiff to four years of community control sanctions under the supervision of the Adult Probation Department. In November 2005, plaintiff was determined to be in violation of community control sanctions. The trial court terminated the sanctions and sentenced plaintiff to a term of seven months in the Lorain Correctional Facility. The court's entry did not address jail-time credit.
 {¶ 3} On January 10, 2006, plaintiff, pro se, filed a motion for jail-time credit; on March 28, 2006, he filed a motion for an expedited ruling on his January 10 motion. The trial court granted plaintiff's motion for jail-time credit on April 3, 2006, allowing plaintiff 171 days of jail credit. The trial court's April 3 entry was forwarded to ODRC; ODRC received it on April 11, 2006 and released plaintiff the same day. Plaintiff was confined for a total of 133 days when, with the appropriate credit, he should have served only about 39 days.
 {¶ 4} On April 6, 2007, plaintiff filed a complaint in the Ohio Court of Claims contending ODRC, pursuant to R.C. 2967.191, was required to correctly calculate plaintiff's release date, including any jail-time credit he should receive for prior incarcerations or rehabilitation programs he participated in while in the custody of the probation authority or prison department. Because the original sentencing order failed to *Page 3 
include that information, plaintiff contended ODRC had "an affirmative duty to notify the trial court to correct its deficient entry." (Complaint, ¶ 12.) According to plaintiff's complaint, ODRC's failure to do so was negligence per se and resulted in ODRC falsely imprisoning plaintiff.
 {¶ 5} After answering plaintiff's complaint, ODRC filed a motion for summary judgment on May 21, 2007. ODRC supported its summary judgment motion with the affidavit of Mickie Rigsby, Chief of the Bureau of Sentence Computation at ODRC. Attached to her affidavit is (1) the December 10, 2003 journal entry reflecting plaintiff's plea of no contest to possession of drugs; (2) the January 13, 2004 journal entry sentencing plaintiff to community control sanctions on his conviction arising from his no contest plea; (3) the November 22, 2005 journal entry terminating plaintiff's community control sanctions and ordering plaintiff to serve seven months in the Lorain Correctional Institution; (4) the April 3, 2006 journal entry granting plaintiff 171 days jail credit; and (5) a document from ODRC reflecting receipt of the jail-time credit entry on April 11, 2006 and release of plaintiff the same day.
 {¶ 6} Premised on the documents attached to Rigsby's affidavit, ODRC's summary judgment motion contended it was not liable to plaintiff for false imprisonment because it complied with the sentencing court's facially valid November 22, 2005 entry that did not grant plaintiff any jail-time credit. It further asserted plaintiff's claims for negligent imprisonment were unavailing, as such a claim was not recognized in Ohio statutory or common law. Plaintiff responded with a brief in opposition to ODRC's summary judgment motion as well as a cross-motion for summary judgment. Plaintiff *Page 4 
contended the entry's failure to address jail-time credit should have alerted ODRC to the need to investigate whether plaintiff was entitled to credit against his seven-month sentence.
 {¶ 7} In resolving the cross-motions for summary judgment, the Court of Claims decided plaintiff's false imprisonment claim failed because ODRC acted in accordance with the facially valid entry of the sentencing court. Rejecting plaintiff's contention that ODRC had the duty to contact the sentencing court to determine whether jail-time credit should be granted, the Court of Claims concluded ODRC was "privileged and lawfully required to confine Mr. Trice from November 29, 2005 to April 11, 2006." (Decision, 3.) The Court of Claims thus granted summary judgment to ODRC, denied plaintiff's summary judgment motion, and entered judgment for ODRC.
 {¶ 8} Plaintiff appeals, assigning the following errors:
 1. The Court of Claims erred when it failed to recognize Plaintiff, Trice's, claim of negligence brought against the Defendant, Ohio Department of Rehabilitation and Correction, for its' [sic] failure to ask the Trial Court to address the question regarding jail-time credit in it's [sic] sentencing order.
 2. The Court of Claims erred when it made the following findings:
 (a) the omission of a finding of jail-time credit does not render Plaintiff's sentencing entry void, nor is it inconsistent with statutory requirement;
 (b) it was reasonable for the Defendant, ODRC, to infer that the criminal Trial Court granted NO jail-time credit for Plaintiff, Trice;
 (c) the court does not perceive any error on the face of the entry which would draw into question the Sentencing Court's jurisdiction over Plaintiff's criminal case; *Page 5 
 (d) defendant, ODRC, was required to credit Plaintiff with all the jail time that he was due, but no statute imposes a duty upon Defendant to investigate the matter with the Sentencing Court.
 3.The Court of Claims erred when it concluded that Defendant, ODRC, did not falsely imprison Plaintiff, Trice, and granted Defendant's Motion for Summary Judgment and denied Plaintiff's Motion for Summary Judgment on the factual and legal evidence submitted to it.
 4. The court of Claims erred in making findings which were against the manifest weight of the evidence, as well as the statutes, case law and administrative regulations.
 5. When adjudicating the Trice case at bar, the Court of Claims erred in following its previous decision in Doyle v. ODRC, 2006 Ohio 1802 as Doyle, supra. Can be distinguished from other prior decisions like Bay v. ODRC, 2004 Ohio 3809, Clark v. ODRC, 104 Ohio Misc. 2d 14, Stroud v. ODRC, 2004 Ohio 580 and the dicta of the Ohio Supreme Court in Bennett v. ODRC, 60 Ohio St. 3d 107, at 110-111 (1991). Therefore, we contend the Trice decision is a violation of the Ohio Constitution's Article I, Section 16 clause guaranteeing Ohio citizens due process in a court of law to redress injuries of wrongful/illegal or excessive imprisonment due to the negligence of State personnel in the Department of Rehabilitation and Correction's failure to INQUIRE of the criminal sentencing court to correct its deficient sentencing order which omitted any reference to jail-time credit contrary to the mandates of Statues [sic] ORC Sec. 2949.08, 2949.12, 2967.191 and Ohio Administrative Code Sec. 5120-2-04(B) regulations which were cited by the Court of Claims in the other aforementioned cases as ground to award those inmates compensation for illegal imprisonment.
 {¶ 9} An appellate court's review of summary judgment is conducted under a de novo standard. Coventry Twp. v. Ecker (1995),101 Ohio App.3d 38, 41; Koos v. Cent. Ohio Cellular, Inc. (1994), 94 Ohio App.3d 579,588. Summary judgment is proper only when the parties moving for summary judgment demonstrate: (1) no genuine issue of *Page 6 
material fact exists, (2) the moving parties are entitled to judgment as a matter of law, and (3) reasonable minds could come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence most strongly construed in its favor. Civ.R. 56; State exrel. Grady v. State Emp. Relations Bd. (1997), 78 Ohio St.3d 181.
 {¶ 10} Because plaintiff's assignments of error are interrelated, we address them jointly. Plaintiff's complaint asserts that, because he was entitled to jail-time credit under R.C. 2967.191, ODRC negligently calculated his release date and wrongfully detained him within the state penal system. Plaintiff's five assignments of error thus collectively assert that, for various reasons, the trial court erred in granting ODRC's summary judgment motion and denying plaintiff's motion for summary judgment.
 {¶ 11} Initially, we note plaintiff properly does not purport to set forth a claim pursuant to R.C. 2743.48, the wrongful imprisonment statute. Plaintiff is not a "wrongfully imprisoned individual" under R.C. 2743.48(A) because plaintiff points to no procedural error that resulted in his release, and nothing suggests plaintiff did not commit the offense for which he was convicted. R.C. 2743.48(A)(5). Instead, plaintiff asserts a common law claim for false imprisonment.
 {¶ 12} "[F]alse imprisonment occurs when a person confines another intentionally `without lawful privilege and against his consent within a limited area for any appreciable time, however short.'" Bennett v. OhioDept. of Rehab. Corr. (1991), 60 Ohio St.3d 107, 109. "An action for false imprisonment cannot be maintained where the wrong complained of is imprisonment in accordance with the judgment or order of a court, *Page 7 
unless it appear that such judgment or order is void." Id., at 111, quoting Diehl v. Friester (1882), 37 Ohio St. 473, 475.
 {¶ 13} Here, the undisputed evidence reveals the sentencing court's entry did not address jail-time credit, neither granting nor denying it. ODRC was obligated to detain plaintiff "until the term of his imprisonment expires, the felon is pardoned, paroled, or placed under a post-release control sanction, or the felon is transferred under laws permitting the transfer of prisoners." R.C. 2949.12. Because ODRC had custody pursuant to a valid sentencing entry, ODRC was privileged and lawfully required to confine plaintiff from November 29, 2005, the day he arrived in ODRC's custody, until April 11, 2006, the day ODRC learned that it no longer was privileged to confine him.
 {¶ 14} In an effort to circumvent the facial validity of the sentencing entry under which ODRC confined plaintiff, plaintiff relies on Ohio Adm. Code 5120-2-04 and asserts ODRC was required to contact the sentencing court to determine whether plaintiff was entitled to jail-time credit. As plaintiff points out, Ohio Adm. Code 5120-2-04(A) requires ODRC to reduce plaintiff's definite sentence or stated prison term by the total number of days plaintiff was confined for any reason arising out of the offense for which he was convicted and sentenced, including confinement in lieu of bail while awaiting trial.
 {¶ 15} The remainder of the rule, however, undermines plaintiff's contention. According to Ohio Adm. Code 5120-2-04(B), "[t]he sentencing court determines the amount of time the offender served before being sentenced." Consistent with that duty, the sentencing court "must make a factual determination of the number of days credit to which the offender is entitled by law and * * * forward a statement of the number of days *Page 8 
of confinement which he is entitled by law to have credited." Id. The rule requires such information "be included within the journal entry imposing the sentence or stated prison term." Id. "The number of days, if any, specified in the court's journal entry * * * is the court's finding of the number of days the offender is entitled to by law, up to and including the date of the journal entry." Ohio Adm. Code5120-2-04(D).
 {¶ 16} ODRC's record office then is required to reduce an inmate's sentence by the number of days specified in the entry, plus the number of days between the date of the sentencing entry and the date the inmate is committed to ODRC as reflected in the sheriff's record. If any doubt about ODRC's responsibility remain, Ohio Adm. Code 5120-2-04(E) provides that "[i]f the court's journal entry of sentence or stated prison term fails to specify that the offender is entitled to any credit up to the date of sentencing, the record office shall reduce the sentence or stated prison term only by the number of days the sheriff reports the offender was confined between the date of the sentencing entry and the date the offender was committed to the department."
 {¶ 17} The rule grants ODRC no discretion. Ohio Adm. Code 5120-2-04(H) specifies that "[t]he record office shall not reduce a sentence, stated prison term or combination thereof for jail time credit except in accordance with this rule." Should a party question whether he or she has been credited with the appropriate number of days, the parties "shall be instructed to address his [or her] concerns to the court or sheriff. Unless the court issues an entry modifying the amount of jail time credit or the sheriff sends the institution corrected information about time confined awaiting transport, no change will be made." Id. Contrary to plaintiff's contentions that ODRC was responsible for contacting *Page 9 
the sentencing court to determine plaintiff's jail-time credit, the rule imposes on plaintiff the obligation to contact the sentencing court to determine whether jail-time credit was inadvertently omitted.
 {¶ 18} Plaintiff nonetheless disputes the trial court's application of Ohio Adm. Code 5120-2-04, contending Bay v. Ohio Dept. of Rehab. Corr., C.C. No. 2002-07231, 2004-Ohio-3809, imposes on ODRC the obligation to contact the sentencing authority to determine the validity of the court's entry. In Bay, the sentencing entry contained many mistakes and inconsistencies that raised serious questions about the sentence imposed. The Court of Claims found ODRC had an affirmative duty to seek guidance from the trial court in determining the expiration of sentence date.
 {¶ 19} Bay differs significantly from plaintiff's case. Bay required ODRC to calculate an inmate's expiration of sentence date based on the inmate's hybrid sentence for multiple crimes; it did not concern jail-time credit. Moreover, the sentencing entry here, unlike the one inBay, reflects no inconsistency: the trial court's entry does not grant any days of jail-time credit. Indeed, in Doyle v. Ohio Dept. of Rehab. Corr., C.C. No. 2005-06716, 2006-Ohio-1802, the Court of Claims, on facts similar to those here, concluded ODRC had no duty under R.C.2967.191 to investigate the amount of jail-time credit to which the inmate was entitled. To the contrary, Doyle found ODRC had no discretion to release an inmate until it received an entry indicating ODRC no longer was privileged or justified in confining the inmate.
 {¶ 20} Plaintiff also cites Stroud v. Ohio Dept. of Rehab. Corr, Franklin App. No. 03AP-139, 2004-Ohio-580, suggesting the disposition in Stroud supports his contentions. *Page 10 Stroud, like Bay, involved confusion about the inmate's expiration of sentence date, this time arising from whether the inmate's state-imposed sentence was to be served concurrently with his federal sentence. In resolving the issue, this court distinguished expiration of sentence considerations from jail-time credit and concluded ODRC had a duty to calculate Stroud's expiration of sentence date concurrently with his federal sentence. Stroud, thus, does not address the issue here and is not persuasive on the facts of plaintiff's case.
 {¶ 21} Plaintiff notes Clark v. Ohio Dept. of Rehab. Corr (2000),104 Ohio Misc.2d 14, involved jail-time credit, and he contends the holding there dictates the result in his case. The uncertainty inClark arose out of the multiple offenses for which Clark was sentenced at different times. Unlike Clark, plaintiff's entry involved one conviction that plainly did not grant any days of jail-time credit.
 {¶ 22} To the extent plaintiff relies on R.C. 2967.191, 2949.08, and2949.12, they do not advance his argument. Although R.C. 2967.191
requires ODRC to reduce an inmate's sentence by the number of days of pre-trial confinement, it does not impose on ODRC the responsibility to determine whether the sentencing court accurately specified the amount of jail-time credit in its sentencing entry. While Ohio Adm. Code5120-2-04 incorporates language quite similar to R.C. 2967.191, it specifies that the responsibility lies with the inmate to address the court if the inmate questions the jail-time credit in the sentencing entry.
 {¶ 23} R.C. 2949.08 similarly does not aid plaintiff. It does not address ODRC, but deals with a jail or workhouse administrator's duty to reduce an inmate's jail sentence by *Page 11 
the number of days of pre-trial confinement. R.C. 2949.12, too, does not require ODRC to investigate sentencing entries, but, in large part, involves the sheriff's duties regarding the sentencing entry when the sheriff conveys inmates to confinement. Thus, none of the statutes plaintiff relies on imposes on ODRC the duty to correct any error the trial court makes in advising ODRC of credit to which an inmate is entitled.
 {¶ 24} Plaintiff nonetheless contends that even if he fails on his false imprisonment claim, he should prevail, at least at the summary judgment stage, on his claim for negligent imprisonment. As this court noted in Crenshaw v. Ohio Adult Parole Auth. (Aug. 17, 1993), Franklin App. 93AP-439, "although the Supreme Court in Bennett did not determine whether a cause of action exists for negligently detaining a prisoner without privilege, this court in Drake v. State of Ohio (Sept. 6, 1988), Franklin App. No. 88AP-125, unreported (1988 Memorandum Decision) so held."
 {¶ 25} If we were to assume a common law cause of action for negligent imprisonment action exists, plaintiff's argument nonetheless would fail. Even if a duty to investigate exists under the circumstances set forth in Bay, plaintiff failed to present evidence suggesting such circumstances exist here so as to alert ODRC to the need to investigate the sentencing entry. The sentencing entry plainly granted no days of jail-time credit, and ODRC was required to calculate the period of plaintiff's confinement according to that sentencing entry.
 {¶ 26} Lastly, to the extent we have not already addressed it, plaintiff's fourth assignment of error asserts the trial court's findings are against the manifest weight of the evidence. The trial court, however, did not make findings of fact, as the facts underlying *Page 12 
plaintiff's claim were undisputed in the Court of Claims. Rather, the trial court applied the applicable law to those facts and properly determined summary judgment should be granted to ODRC. Similarly, to the extent plaintiff's second assignment of error contends the sentencing entry at issue is void, his appellate brief retracts the contention, stating "[w]e are not saying the entry was void." (Appellant's brief, 11.)
 {¶ 27} For the reasons stated, plaintiff's five assignments of error are overruled and the judgment of the Ohio Court of Claims is affirmed.
Judgment affirmed.
 McGRATH, P.J., and TYACK, J., concur. *Page 1