OPINION
Plaintiff-appellant, Richard Haddad, appeals from a judgment of the Ohio Court of Claims dismissing plaintiff's complaint that alleged plaintiff's wrongful imprisonment by defendants-appellees, Department of Rehabilitation and Correction ("DRC") and Ohio Adult Parole Authority. Plaintiff assigns a single error:
 THE LOWER COURT ERRED WHEN IT DISMISSED APPELLANT'S WRONGFUL IMPRISONMENT AND UNCONSTITUTIONAL INCARCERATION COMPLAINT BASED ON THE ONE-YEAR STATUTE OF LIMITATIONS SET FORTH IN R.C. 2305.11.
Because the trial court did not err in dismissing plaintiff's complaint, we affirm.
On June 29, 2001, plaintiff filed a complaint in the Ohio Court of Claims against the DRC and the Ohio Adult Parole Authority, alleging he had been confined for approximately 94 days beyond the lawful term of his incarceration. More particularly, plaintiff alleged that on March 18, 1998, he was admitted to prison to serve a nine-month sentence for attempted aggravated assault, with credit for jail time served, and was scheduled to be released on November 6, 1998.
Plaintiff further alleged that during his incarceration, the DRC imposed 90 additional days of incarceration on plaintiff pursuant to R.C. 2967.11, the "bad time" statute, which authorized the DRC to extend an inmate's prison term when the inmate committed a criminal offense while incarcerated. The 90-day "bad time" penalty was imposed for plaintiff's alleged commission of an assault in prison. See Haddad v. Russell, decided sub nom State ex rel. Bray v. Russell (2000),89 Ohio St.3d 132, 133. As a result, plaintiff was not released from prison until February 10, 1999.
Plaintiff claimed the DRC wrongfully imprisoned him for the 94 days he was incarcerated for "bad time" past his scheduled release of November 6, 1998. Plaintiff premised his wrongful imprisonment claim on the Ohio Supreme Court's June 14, 2000 ruling in Russell that the "bad time" statute was unconstitutional as a violation of the constitutional doctrine of separation of powers; plaintiff thus asserted the 94-day extension of plaintiff's confinement was unlawful.
The state filed a motion for judgment on the pleadings under Civ.R. 12(C) on the ground that plaintiff's claims were barred by the statute of limitations set forth in R.C. 2305.11, which states that an action for false imprisonment shall be commenced within one year after the cause of action accrued. In an entry filed August 29, 2001, the Court of Claims dismissed plaintiff's complaint, finding plaintiff's cause of action accrued at the latest on June 14, 2000, when the Ohio Supreme Court issued its decision in Russell, and plaintiff failed to comply with the applicable one-year statute of limitations in R.C. 2305.11.
In his single assignment of error, plaintiff asserts the Court of Claims correctly determined that plaintiff's cause of action accrued on June 14, 2000, but erred in dismissing plaintiff's wrongful imprisonment cause of action based on the one-year statute of limitations set forth in R.C. 2305.11. Plaintiff contends the two-year limitation period set forth in R.C. 2743.48(H) is the applicable statutory provision and, accordingly, plaintiff's wrongful imprisonment claim filed June 29, 2001, was timely filed.
In considering a dismissal pursuant to a Civ.R. 12(C) motion for judgment on the pleadings, we accept as true the material allegations of plaintiff's complaint and all reasonable inferences arising from it. Bennett v. Ohio Dept. of Rehab. Corr. (1991), 60 Ohio St.3d 107, 108. Therefore, in construing plaintiff's complaint, we assume the state knowingly or intentionally confined plaintiff for 94 days beyond the expiration of his lawful sentence. Id. at 108-109.
R.C. 2743.48, under which plaintiff claims he was a "wrongfully imprisoned individual," provides in relevant part:
 (A) As used in this section, a "wrongfully imprisoned individual" means an individual who satisfies each of the following:
 (1) He was charged with a violation of a section of the Revised Code by an indictment or information prior to, or on or after, September 24, 1986, and the violation charged was an aggravated felony or felony.
 (2) He was found guilty of, but did not plead guilty to, the particular charge or a lesser-included offense by the court or jury involved, and the offense of which he was found guilty was an aggravated felony or felony.
 (3) He was sentenced to an indefinite or definite term of imprisonment in a state correctional institution for the offense of which he was found guilty.
 (4) The individual's conviction was vacated or was dismissed, or reversed on appeal, the prosecuting attorney in the case cannot or will not seek any further appeal of right or upon leave of court, and no criminal proceeding is pending, can be brought, or will be brought by any prosecuting attorney, city director of law, village solicitor, or other chief legal officer of a municipal corporation against the individual for any act associated with that conviction.
 (5) Subsequent to his sentencing and during or subsequent to his imprisonment, it was determined by a court of common pleas that the offense of which he was found guilty, including all lesser-included offenses, either was not committed by him or was not committed by any person.
Plaintiff asserts that, by analogy, he has met all five prongs of R.C.2743.48(A). Plaintiff contends the parole board and DRC acted as prosecutor in charging plaintiff with committing a crime, thus satisfying R.C. 2743.48(A)(1), and they acted as judge and jury in finding plaintiff guilty of committing an offense while incarcerated, and in sentencing him to a 90-day extension of his incarceration, thus satisfying R.C.2743.48(A)(2) and (3). Plaintiff additionally contends that when the Supreme Court ruled R.C. 2967.11 unconstitutional, plaintiff's "conviction" under the "bad time" statute was vacated and plaintiff became a "wrongfully imprisoned individual," as defined in R.C. 2743.48(A), without the necessity of a further ruling that plaintiff was innocent of the offense. Plaintiff asserts R.C. 2743.48(A)(4) and (5) thus were satisfied.
In essence, plaintiff claims the requirement established in R.C.2743.48(A)(5) is mere surplusage in this case. To the contrary, we are to presume the entire statute is intended to have effect and meaning. R.C.1.47(B); Taber v. Ohio Dept. of Human Serv. (1998), 125 Ohio App.3d 742,747. Here, the statute expressly provides that for a person to demonstrate he is a "wrongfully imprisoned individual" pursuant to R.C.2743.48, the claimant must satisfy each of the provisions of R.C.2743.48(A)(1) through (5). Gover v. State (1993), 67 Ohio St.3d 93, 95; Chandler v. State (1994), 95 Ohio App.3d 142, 147, appeal not allowed,70 Ohio St.3d 1455. The statute requires a claimant to secure a determination from the common pleas court that "the offense of which he was found guilty * * * was not committed by him or was not committed by any person." R.C. 2743.48(A)(5). In Walden v. State (1989),47 Ohio St.3d 47, 51, the court held that a person who claims to be a "wrongfully imprisoned person" pursuant to R.C. 2743.48 bears the burden of affirmatively proving innocence by a preponderance of the evidence.
Plaintiff did not affirmatively prove his innocence or secure a determination from the common pleas court that he was innocent of the alleged act, apparently an assault, for which the 90-day "bad time" penalty was imposed. The fact that the "bad time" statute was declared unconstitutional does not mean that plaintiff did not commit the offense which served as the basis for the imposition of the additional 90 days incarceration. See Ratcliff v. State (1994), 94 Ohio App.3d 179, 182, appeal not allowed, 70 Ohio St.3d 1426 (concluding an appellate court's reversing a conviction does not require a finding that a claimant was not engaging in criminal conduct at the time in question); Chandler, supra (determining a judgment of acquittal or the reversal and vacation of a conviction due to constitutional infirmity does not necessitate a finding that the claimant is innocent). The wrongful imprisonment statute was intended to compensate those who were innocent and wrongfully imprisoned, not those who had merely avoided criminal liability. Walden at 52. "If the legislature had intended all persons whose convictions are reversed * * * to receive compensation for wrongful imprisonment, the legislature would have written R.C. 2743.48 in such a manner." Ratcliff at 182.
"[R]ecovery under R.C. 2743.48 is limited to those individuals who are `wrongfully imprisoned' as that term is used in the statute." Corder v. Ohio Dept. of Rehab. Corr. (1994), 114 Ohio App.3d 360, 365, appeal not allowed, 70 Ohio St.3d 1441, citing Bennett at 111. Because plaintiff did not affirmatively prove his innocence of the act upon which his "bad time" penalty was imposed, and he did not secure a determination from the court of common pleas of his innocence as expressly required by R.C.2743.48(A)(5), plaintiff has failed to prove that he was a "wrongfully imprisoned individual" as that term is defined in R.C. 2743.48. Plaintiff cannot maintain a cause of action under the statute; therefore, the two-year statute of limitations provided in R.C. 2743.48(H) for actions by "wrongfully imprisoned individuals" does not apply to plaintiff.
Although plaintiff is not a "wrongfully imprisoned individual" under R.C. 2743.48, that statute merely supplements the common law tort of false imprisonment, under which plaintiff's claim may be analyzed. Bennett at 111; Corder at 365. The applicable statute of limitations for a cause of action which alleges false imprisonment is R.C. 2305.11(A), and it requires an action for false imprisonment to be commenced within one year after its accrual. Haller v. Borror (1994), Franklin App. No. 93APE12-1657, appeal not allowed, 71 Ohio St.3d 1407.
At the latest, plaintiff's cause of action for false imprisonment accrued on June 14, 2000, when the Supreme Court declared the "bad time" statute, R.C. 2967.11, unconstitutional. Plaintiff did not file his complaint until June 29, 2001, more than a year after his claim accrued. Therefore, plaintiff's cause of action for false imprisonment was barred pursuant to the one-year statute of limitations in R.C. 2305.11(A).
The trial court did not err in dismissing plaintiff's complaint due to his failure to comply with the applicable one-year statute of limitations in R.C. 2305.11. Accordingly, plaintiff's single assignment of error is overruled, and the judgment of the Ohio Court of Claims is affirmed.
Judgment affirmed.
KLATT and DESHLER, JJ., concur.