OPINION
{¶ 1} Plaintiff-appellant, Sean Mickey, appeals from the April 17, 2002 decision of the Ohio Court of Claims rendering judgment in favor of defendant-appellee, Ohio Department of Rehabilitation and Correction ("DRC"), with regard to appellant's claims of wrongful and false imprisonment. For the reasons that follow, we affirm the decision of the Court of Claims.
 {¶ 2} In October 1996, appellant was indicted for carrying a concealed weapon, corruption of a minor, gross sexual imposition, kidnapping, aggravated arson, assault of a police officer, and felonious assault with police officer specifications. In March 1997, appellant entered guilty pleas to corruption of a minor, aggravated arson, and felonious assault, and the remaining charges in the indictment were dismissed. Appellant was sentenced to an aggregate term of two years incarceration. Appellant was determined to be a sexually oriented offender and was later released from prison in 1998.
 {¶ 3} In March 1999, after his release, appellant was charged with the failure to provide his change of address to the Cuyahoga County Sheriff pursuant to R.C. 2950.05, and for escape for failure to comply with the terms of post-release control. In April 1999, appellant was again charged with escape and failure to comply with post-release control. Appellant was tried, convicted, and sentenced to 12 months incarceration for failing to report his change of address and to concurrent two-year terms on the escape charges. Appellant filed a timely appeal. The Eighth District Court of Appeals affirmed appellant's conviction for failing to report a change of address, but reversed the escape convictions because appellant's sentence made no provision for post-release control as part of his sentence, as required by R.C.2967.28(B)(3). Appellant's sentence was vacated and remanded for resentencing.[1]
 {¶ 4} On May 24, 2001, the trial court, on remand, dismissed the two escape convictions and ordered appellant released. On December 24, 2001, appellant filed a complaint with the Court of Claims alleging false imprisonment and intentional infliction of emotional distress. On February 4, 2002, DRC filed a Civ.R. 12(B)(6) motion to dismiss. On February 22, 2002, appellant filed a response to DRC's motion to dismiss.[2] On February 28, 2002, the trial court converted DRC's motion to dismiss into a Civ.R. 56(C) motion for summary judgment. The trial court set the matter for a non-oral hearing, and allowed the parties until March 28, 2002 to file additional evidentiary material. On March 28, 2002, DRC filed a supplemental memorandum, additional evidence, and an affidavit in support of their motion. Appellant did not file any additional evidentiary material.
 {¶ 5} On April 17, 2002, the trial court rendered judgment in favor of DRC. The trial court concluded that appellant failed, pursuant to R.C. 2743.48, to provide the court with a certified common pleas court entry determining that appellant was wrongfully imprisoned. The trial court also determined that DRC did not continue to confine appellant after DRC had knowledge that the privilege justifying appellant's confinement no longer existed. It is from this decision that appellant appeals, assigning the following as error:
 {¶ 6} "The Court of Claims erred in granting the state's motion for summary judgment."
 {¶ 7} Appellant contends that, pursuant to R.C. 2743.48, he meets the prerequisite of a wrongfully imprisoned individual. As to appellant's contention that summary judgment was improperly granted, Civ.R. 56(C) states that summary judgment shall be rendered forthwith if:
 {¶ 8} "* * * [T]he pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. * * *"
 {¶ 9} Accordingly, summary judgment is appropriate only where: (1) no genuine issue of material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) viewing the evidence most strongly in favor of the nonmoving party, reasonable minds can come to but one conclusion and that conclusion is adverse to the nonmoving party. Tokles Son, Inc. v. Midwestern Indemn. Co. (1992), 65 Ohio St.3d 621, 629, citing Harless v. Willis Day Warehousing Co. (1978), 54 Ohio St.2d 64, 65-66. "[T]he moving party bears the initial responsibility of informing the trial court of the basis for the motion, and identifying those portions of the record * * * which demonstrate the absence of a genuine issue of fact on a material element of the nonmoving party's claim." Dresher v. Burt (1996), 75 Ohio St.3d 280,292. Once the moving party meets its initial burden, the nonmovant must then produce competent evidence showing that there is a genuine issue for trial. Id. Summary judgment is a procedural device to terminate litigation, so it must be awarded cautiously with any doubts resolved in favor of the nonmoving party. Murphy v. Reynoldsburg (1992),65 Ohio St.3d 356, 358-359.
 {¶ 10} Appellate review of summary judgments is de novo. Koos v. Cent. Ohio Cellular, Inc. (1994), 94 Ohio App.3d 579, 588; Midwest Specialties, Inc. v. Firestone Tire Rubber Co. (1988),42 Ohio App.3d 6, 8. We stand in the shoes of the trial court and conduct an independent review of the record.
 {¶ 11} In this case, the trial court determined that appellant failed to meet all the requirements for wrongful imprisonment pursuant to R.C. 2743.48, which states:
 {¶ 12} "(A) As used in this section, a `wrongfully imprisoned individual' means an individual who satisfies each of the following:
 {¶ 13} "(1) He was charged with a violation of a section of the Revised Code by an indictment or information prior to, or on or after, September 24, 1986, and the violation charged was an aggravated felony or felony.
 {¶ 14} "(2) He was found guilty of, but did not plead guilty to, the particular charge or a lesser-included offense by the court or jury involved, and the offense of which he was found guilty was an aggravated felony or felony.
 {¶ 15} "(3) He was sentenced to an indefinite or definite term of imprisonment in a state correctional institution for the offense of which he was found guilty.
 {¶ 16} "(4) The individual's conviction was vacated or was dismissed, or reversed on appeal, the prosecuting attorney in the case cannot or will not seek any further appeal of right or upon leave of court, and no criminal proceeding is pending, can be brought, or will be brought by any prosecuting attorney, city director of law, village solicitor, or other chief legal officer of a municipal corporation against the individual for any act associated with that conviction.
 {¶ 17} "(5) Subsequent to his sentencing and during or subsequent to his imprisonment, it was determined by a court of common pleas that the offense of which he was found guilty, including all lesser-included offenses, either was not committed by him or was not committed by any person."
 {¶ 18} R.C. 2743.48(A)(5) requires that before filing a suit for damages, a court of common pleas must determine that the offense for which the complainant was found guilty either was not committed by him or was not committed by any person. The complainant must further submit, as proof of his wrongful imprisonment, a certified copy of the judgment entry of the court of his conviction and sentencing, and a certified copy of the entry of determination by the court that the complainant was wrongfully imprisoned. R.C. 2743.48(E)(1). Only upon presentation of such requisite proof will the complainant be entitled to damages. R.C.2743.48(E)(2).
 {¶ 19} Here, the trial court determined that appellant failed to meet the requirements of R.C. 2743.48(A)(5) by failing to provide the trial court with a certified common pleas court entry determining that he was wrongfully imprisoned. Conversely, appellant asserts that he met all five requirements of R.C. 2743.48(A). Appellant contends that he was charged with escape and failure to provide his change of address, thus satisfying R.C. 2743.48(A)(1), was found guilty, thus satisfying R.C.2743.48(A)(2), and was sentenced to two years incarceration, thus satisfying R.C. 2743.48(A)(3). Appellant additionally contends that, after serving 18 months, the Eighth District Court of Appeals reversed the trial court's escape conviction, thus satisfying the requirements of R.C. 2743.48(A)(4). Finally, appellant argues that the reversal of the Eighth District Court of Appeals as to the escape charges was a determination that appellant did not commit the offense for which he was imprisoned, and is clearly adequate to satisfy the requirement of R.C.2743.48(A)(5).
 {¶ 20} This court, in Haddad v. Dept. of Rehab. Corr., Franklin App. No. 01AP-1130, 2002-Ohio-2813, at ¶ 18-20, recently determined that R.C. 2743.48:
 {¶ 21} "[R]equires a claimant to secure a determination from the common pleas court that `the offense of which he was found guilty * * * was not committed by him or was not committed by any person.' R.C.2743.48(A)(5). In Walden v. State (1989), 47 Ohio St.3d 47, 51 * * * the court held that a person who claims to be a `wrongfully imprisoned person' pursuant to R.C. 2743.48 bears the burden of affirmatively proving innocence by a preponderance of the evidence.
 {¶ 22} "* * * The wrongful imprisonment statute was intended to compensate those who were innocent and wrongfully imprisoned, not those who had merely avoided criminal liability. Walden at 52 * * *. `If the legislature had intended all persons whose convictions are reversed * * * to receive compensation for wrongful imprisonment, the legislature would have written R.C. 2743.48 in such a manner.' Ratcliff [v. State (1994),94 Ohio App.3d 179] at 182.
 {¶ 23} " `Recovery under R.C. 2743.48 is limited to those individuals who are "wrongfully imprisoned" as that term is used in the statute.' Corder v. Ohio Dept. of Rehab. Corr. (1994),114 Ohio App.3d 360, 365 * * * appeal not allowed, 70 Ohio St.3d 1441 * * * citing Bennett [v. Ohio Dept. of Rehab. Corr. (1991),60 Ohio St.3d 107] at 111."
 {¶ 24} In this case, appellant did not affirmatively prove his innocence or secure a determination from the common pleas court that he was innocent of the alleged act. The fact that the escape convictions were reversed because the trial court failed to comply with R.C.2967.28(B)(3) does not mean that appellant did not commit the offense for which he was incarcerated. See Ratcliff at 182 (an appellate court's reversal of a conviction does not require a court to find that the claimant was not engaging in criminal conduct at the time in question). Appellant failed to prove that he was a "wrongfully imprisoned individual" as that term is defined in R.C. 2743.48. As such, appellant cannot maintain a cause of action under the statute, and the trial court did not err in granting DRC's motion for summary judgment in rendering judgment in DRC's favor with regard to appellant's wrongful imprisonment claim.
 {¶ 25} Additionally, the trial court determined that appellant's claim for false imprisonment failed because DRC did not intentionally continue to confine appellant with the knowledge that the privilege justifying his confinement no longer exited. Although appellant is not a "wrongfully imprisoned individual" as defined under R.C. 2743.48, that statute merely supplements the common law tort of false imprisonment, under which appellant's claim may also be analyzed. Bennett v. Ohio Dept. of Rehab. Corr. (1991), 60 Ohio St.3d 107, 111; Corder v. Ohio Dept. of Rehab. Corr. (1994), 114 Ohio App.3d 360, 365.
 {¶ 26} "False imprisonment occurs when a person confines another intentionally `without lawful privilege and against his consent within a limited area for any appreciable time, however short.' " Bennett at 109. Following the trial court's May 24, 2001 resentencing hearing, appellant was ordered released and was not returned to DRC's custody. A careful review of the record demonstrates that DRC did not knowingly or intentionally confine appellant beyond the expiration of his sentence. As such, the trial court did not err in granting DRC's motion for summary judgment in rendering judgment in DRC's favor with regard to appellant's false imprisonment claims.
 {¶ 27} For the foregoing reasons, appellant's sole assignment of error is overruled, and the judgment of the Ohio Court of Claims is affirmed.
Judgment affirmed.
TYACK and BR0WN, JJ., concur.
[1] State v. Mickey (2001), Cuyahoga App. No. 77889. A thorough procedural and factual history of this case is included in the court's opinion ruling upon appellant's first appeal.
[2] In his response, appellant avers that his complaint is one sounding in wrongful imprisonment.