[Cite as *Lindsey v. Ohio Dept. of Rehab. & Corr.*, 2010-Ohio-546.]

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

GERALD ALLEN LINDSEY

    Plaintiff

    v.

OHIO DEPARTMENT OF REHABILITATION AND CORRECTION, et al.

    Defendants
    Case No. 2007-05725

Judge Alan C. Travis

<u>JUDGMENT ENTRY</u>

{¶ 1} Plaintiff brought this action alleging false imprisonment, intentional infliction of emotional distress, and negligent infliction of emotional distress. By agreement of the parties and with the consent of the court, the issue of liability was submitted pursuant to stipulations of fact and trial briefs.[1] At all times relevant to this action, plaintiff was an inmate in the custody and control of defendant, Ohio Department of Rehabilitation and Correction (DRC), at the London Correctional Institution (LCI), pursuant to R.C. 5120.16.

{¶ 2} The parties have stipulated that on October 12, 2006, the Franklin County Court of Common Pleas sentenced plaintiff in Case Nos. 04CR1286 and 05CR972 to concurrent prison terms of ten months and 11 months, respectively. At plaintiff's sentencing hearing, Judge John Bessey informed plaintiff that he would have 330 days to serve minus 241 days of jail-time credit, based upon the court's determination that plaintiff was entitled to 70 days of jail-time credit on Case No. 04CR1286 and 241 days of jail-time credit on Case No. 05CR972. However, the judgment entry filed on October

17, 2006, stated that plaintiff was entitled to 70 days of jail-time credit rather than 241 days. Plaintiff entered DRC's custody on October 23, 2006, and was sent to LCI.

**{¶ 3}** Some time after arriving at LCI, plaintiff notified his case manager that a mistake had been made concerning his release date. Plaintiff was informed that he should direct all inquiries, in writing, to the Bureau of Sentence Computation (BOSC). Although plaintiff contacted BOSC and received letters in response, BOSC neither contacted the sentencing court nor did it instruct plaintiff to do so.

**{¶ 4}** Plaintiff subsequently filed a motion with the sentencing court and on March 8, 2007, the court issued an amended entry in Case No. 04CR1286 adjusting the jail-time credit from 70 days to 241 days. On March 15, 2007, BOSC received the amended entry. The subsequent adjustment resulted in the expiration of plaintiff's sentence and he was released the same day.

**{¶ 5}** Plaintiff alleges that, based upon the jail-time credit he ultimately received in each of his criminal cases, he was confined for 60 days beyond the expiration of his sentence. DRC asserts that it confined plaintiff pursuant to a valid court order.

**{¶ 6}** "False imprisonment occurs when a person confines another intentionally 'without lawful privilege and against his consent within a limited area for any appreciable time * * *.'" *Bennett v. Ohio Dept. of Rehab. & Corr.* (1991), 60 Ohio St.3d 107, 109, quoting *Feliciano v. Kreiger* (1977), 50 Ohio St.2d 69, 71. The elements of a false imprisonment claim are: 1) expiration of the lawful term of confinement; 2) intentional confinement after the expiration; and 3) knowledge that the privilege initially justifying the confinement no longer exists. *Corder v. Ohio Dept. of Rehab. & Corr.* (1994), 94 Ohio App.3d 315, 318. However, "'an action for false imprisonment cannot be maintained where the wrong complained of is imprisonment in accordance with the judgment or order of a court, unless it appear that such judgment or order is void.'" *Bennett*, supra, at 111, quoting *Diehl v. Friester* (1882), 37 Ohio St. 474, 475.

---

[1]The parties' September 19, 2008 joint stipulation of facts is hereby APPROVED.

**{¶ 7}** Concerning the allocation of jail-time credit toward concurrent sentences, the Supreme Court of Ohio has held that a sentencing court must award the jail-time credit associated with any one sentence to all other concurrent sentences. *State v. Fugate*, 117 Ohio St.3d 261, 2008-Ohio-856, syllabus. It is well-settled that the responsibility for determining the amount of jail-time credit to which a criminal defendant is entitled rests exclusively with the sentencing court. *State ex rel. Rankin v. Ohio Adult Parole Auth.*, 98 Ohio St.3d 476, 2003-Ohio-2061, ¶7; *State v. Mills*, Franklin App. No. 09AP-198, 2009-Ohio-6273, ¶7. Although defendant has a duty under R.C. 2967.191 to apply jail-time credit to an inmate's sentence, it may only apply the amount of credit that the sentencing court determines the inmate is entitled to receive. Id. Defendant has no duty "to determine whether the sentencing court accurately specified the amount of jail-time credit in its sentencing entry." *Trice v. Ohio Dept. of Rehab. & Corr.*, Franklin App. No. 07AP-828, 2008-Ohio-1371, ¶22.

**{¶ 8}** Based upon the stipulated facts, the court concludes that DRC confined plaintiff pursuant to valid orders of the sentencing court. Therefore, DRC was both lawfully privileged and legally required to confine plaintiff until it learned that such privilege no longer existed. *Williams v. Ohio Dept. of Rehab. & Corr.*, Franklin App. No. 09AP-77, 2009-Ohio-3958, ¶16. After DRC learned that plaintiff was entitled to additional credit in Case No. 04CR1286 and that his sentence had expired, plaintiff was immediately released. Because DRC did not continue to confine plaintiff after learning that it was no longer privileged to do so, plaintiff cannot prevail on his claim of false imprisonment.

**{¶ 9}** Inasmuch as plaintiff has produced no evidence in support of his claim for intentional infliction of emotional distress and because a claim of negligent infliction of emotional distress is not recognized by Ohio law under the circumstances presented herein, both of those claims are DISMISSED.

{¶ 10} For the foregoing reasons, judgment is rendered in favor of defendants. Court costs are assessed against plaintiff.  The clerk shall serve upon all parties notice of this judgment and its date of entry upon the journal.

_____
ALAN C. TRAVIS
Judge

cc:

Jeffrey Donnellon                    Stephanie D. Pestello-Sharf
Peter Ezanidis                       Assistant Attorney General
5 East Long Street, Suite 1005       150 East Gay Street, 18th Floor
Columbus, Ohio 43215                 Columbus, Ohio 43215-3130

KAH/cmd
Filed January 22, 2010
To S.C. reporter February 16, 2010