[Cite as *Gagnon v. London Correctional Inst.*, 2010-Ohio-548.]

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

DEAN EDDY GAGNON

Plaintiff

v.

LONDON CORRECTIONAL INSTITUTION

Defendant

Case No. 2009-07920

Judge Clark B. Weaver Sr.

DECISION

{¶ 1} On October 27, 2009, defendant filed a motion for summary judgment pursuant to Civ.R. 56(B). Plaintiff did not file a response. On December 7, 2009, the court conducted an oral hearing on the motion; however, plaintiff failed to appear.

{¶ 2} Civ.R. 56(C) states, in part, as follows:

{¶ 3} "Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. No evidence or stipulation may be considered except as stated in this rule. A summary judgment shall not be rendered unless it appears from the evidence or stipulation, and only from the evidence or stipulation, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence or stipulation construed most strongly in the party's favor." See also

*Gilbert v. Summit Cty.*, 104 Ohio St.3d 660, 2004-Ohio-7108, citing *Temple v. Wean United, Inc.* (1977), 50 Ohio St.2d 317.

**{¶ 4}** The facts relevant to the motion are not in dispute. On April 24, 2009, the Clermont County Court of Common Pleas sentenced plaintiff to concurrent one-year prison terms in Case Nos. 2006CR00320 and 2006CR00844. On May 1, 2009, plaintiff entered defendant's custody.

**{¶ 5}** Melissa Adams, the Chief of defendant's Bureau of Sentence Computation, states in an affidavit accompanying defendant's motion that the sentencing orders in each of plaintiff's criminal cases provided that "jail time credit would be given in subsequent entries from the court." Adams states that defendant received such entries on May 16, 2009, and that plaintiff received 94 days of credit in Case No. 06CR00320 and 61 days of credit in Case No. 06CR00844. According to Adams, to the extent that plaintiff received less credit in Case No. 06CR00844, it became the "controlling case" for calculating plaintiff's release date, which defendant set as February 28, 2010.

**{¶ 6}** Plaintiff subsequently filed a motion for jail-time credit which the sentencing court granted on July 8, 2009, such that he received 306 days of credit in Case No. 06CR00320, inclusive of any previously granted credit. Adams states that this additional credit did not alter plaintiff's release date "because Case No. 06CR00844 remained the controlling case."

**{¶ 7}** On July 30, 2009, the sentencing court issued an entry in Case No. 06CR00844 granting plaintiff 306 days of credit, inclusive of any previously granted credit. Adams states that defendant received this entry on July 30, 2009, determined that it resulted in the expiration of plaintiff's sentence, and released plaintiff that same day.

**{¶ 8}** Plaintiff alleges that based upon the jail-time credit he ultimately received in each of his criminal cases, his sentence lawfully expired on June 28, 2009. Alternatively, plaintiff argues that the 306 days of jail-time credit that he received in Case No. 06CR00320 on July 8, 2009, was applicable to each case and therefore should have prompted his release at that time. Plaintiff thus brings this action for false

imprisonment. Defendant asserts that it confined plaintiff at all times pursuant to a valid court order.

{¶ 9} "False imprisonment occurs when a person confines another intentionally 'without lawful privilege and against his consent within a limited area for any appreciable time * * *.'" *Bennett v. Ohio Dept. of Rehab. & Corr.* (1991), 60 Ohio St.3d 107, 109, quoting *Feliciano v. Kreiger* (1977), 50 Ohio St.2d 69, 71. The elements of a false imprisonment claim are: 1) expiration of the lawful term of confinement; 2) intentional confinement after the expiration; and, 3) knowledge that the privilege initially justifying the confinement no longer exists. *Corder v. Ohio Dept. of Rehab. & Corr.* (1994), 94 Ohio App.3d 315, 318. However, "'an action for false imprisonment cannot be maintained where the wrong complained of is imprisonment in accordance with the judgment or order of a court, unless it appear that such judgment or order is void.'" *Bennett*, supra, at 111, quoting *Diehl v. Friester* (1882), 37 Ohio St. 473, 475.

{¶ 10} Concerning the allocation of jail-time credit toward concurrent sentences, the Supreme Court of Ohio has held that a sentencing court must award the jail-time credit associated with any one sentence to all other concurrent sentences. *State v. Fugate*, 117 Ohio St.3d 261, 2008-Ohio-856, syllabus. It is well-settled that the responsibility for determining the amount of jail-time credit to which a criminal defendant is entitled rests exclusively with the sentencing court. *State ex rel. Rankin v. Ohio Adult Parole Auth.*, 98 Ohio St.3d 476, 2003-Ohio-2061, ¶7; *State v. Mills*, Franklin App. No. 09AP-198, 2009-Ohio-6273, ¶7. Although defendant has a duty under R.C. 2967.191 to apply jail-time credit to an inmate's sentence, it may apply only the amount of credit that the sentencing court determines the inmate is entitled to. Id. Defendant has no duty "to determine whether the sentencing court accurately specified the amount of jail-time credit in its sentencing entry." *Trice v. Ohio Dept. of Rehab. & Corr.*, Franklin App. No. 07AP-828, 2008-Ohio-1371, ¶22.

{¶ 11} Based upon the allegations of plaintiff's complaint and the uncontested affidavit testimony of Adams, the only reasonable conclusion to draw is that at all times while plaintiff was in defendant's custody, he was imprisoned in accordance with the valid orders of the sentencing court. Therefore, defendant was lawfully privileged and required to confine plaintiff until it learned that such privilege no longer existed.

*Williams v. Ohio Dept. of Rehab. & Corr.*, Franklin App. No. 09AP-77, 2009-Ohio-3958, ¶16. After defendant learned that plaintiff was entitled to additional credit in Case No. 06CR00844 and that his sentence had thus expired, defendant released him. Because defendant did not continue to confine plaintiff after learning that it was no longer privileged to do so, plaintiff cannot prevail on his claim for false imprisonment.

{¶ 12} Furthermore, to the extent that plaintiff is attempting to appeal an alleged improper or untimely calculation of jail-time credit by the sentencing court, this court lacks subject matter jurisdiction. "[T]he statute governing actions in the Court of Claims, R.C. 2743.02, was not intended to confer jurisdiction for the Court of Claims to review criminal proceedings occurring in the Court of Common Pleas." *Hughley v. Ohio Dept. of Rehab. & Corr.*, Franklin App. No. 09AP-544, 2009-Ohio-6126, ¶7.

{¶ 13} Based upon the foregoing, the court finds that there are no genuine issues of material fact and that defendant is entitled to judgment as a matter of law. Accordingly, defendant's motion for summary judgment shall be granted and judgment shall be rendered in favor of defendant.

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

DEAN EDDY GAGNON

   Plaintiff

   v.

LONDON CORRECTIONAL INSTITUTION

   Defendant
    Case No. 2009-07920

Judge Clark B. Weaver Sr.

<u>JUDGMENT ENTRY</u>

An oral hearing was conducted in this case upon defendant's motion for summary judgment. For the reasons set forth in the decision filed concurrently herewith, defendant's motion for summary judgment is GRANTED and judgment is rendered in favor of defendant. Court costs are assessed against plaintiff. The clerk shall serve upon all parties notice of this judgment and its date of entry upon the journal.

_____
CLARK B. WEAVER SR.
Judge

cc:

Stephanie D. Pestello-Sharf
Assistant Attorney General
150 East Gay Street, 18th Floor
Columbus, Ohio 43215-3130

Dean Eddy Gagnon
5208 Thomas Road
Georgetown, Ohio 45121

RCV/cmd
Filed January 26, 2010
To S.C. reporter February 16, 2010