[Cite as *MacConnell v. Ohio Dept. of Rehab. & Corr.*, 2011-Ohio-3148.]

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

RION T. MACCONNELL

      Plaintiff

      v.

OHIO DEPARTMENT OF REHABILITATION AND CORRECTION

      Defendant
      Case No. 2009-01221

Judge Clark B. Weaver Sr.

DECISION

{¶ 1} Plaintiff brought this action alleging a claim of false imprisonment. The issues of liability and damages were bifurcated and the case proceeded to trial on the issue of liability.

{¶ 2} Plaintiff alleges that defendant, the Department of Rehabilitation and Correction (DRC), unlawfully detained him at London Correctional Institution (LCI) beyond the expiration of his term of confinement. Plaintiff contends that DRC failed to properly apply his jail-time credit and, thus, failed to accurately calculate his release date.

{¶ 3} On March 30, 2006, plaintiff was sentenced in the Greene County Court of Common Pleas under Case No. 2005-CR-919. He had been found guilty of one count of receiving stolen property and one count of possession of criminal tools. Plaintiff was sentenced to a definite term of 12 months on each count, to be served consecutively. (Defendant's Exhibit 1.) He received 69 days of jail-time credit.

{¶ 4} On April 6, 2006, plaintiff was received at defendant's Corrections Reception Center to begin serving his sentences. From there, he was transferred to the Montgomery County Jail on two occasions for disposition of additional criminal charges

that were pending against him.  (Defendant's Exhibit 16.)

{¶ 5}  On August 28, 2006, plaintiff was sentenced in the Montgomery County Court of Common Pleas under Case No. 2005-CR-4177.   In that case, he was sentenced to  a term of one year on a count of tampering with evidence and to two years on a count of robbery; the sentences were to be served concurrently. (Defendant's Exhibit 2.)  He  received 13 days of jail-time credit.

{¶ 6}  Also on August 28, 2006, the same court sentenced plaintiff in two other cases.  In Case No. 2006-CR-200, plaintiff received a six-month sentence on one count of forgery.  The sentence was to be served consecutively to the two-year sentence in Case No. 2005-CR-4177.  In Case No. 2006-CR-582, he received a one-year sentence on one count of complicity to convey illegal drugs into a detention facility.  The sentence was to be served concurrently with Case No. 2005-CR-4177.   All three of the Montgomery County sentences were to be served concurrently with the sentences imposed in Greene County.  (Defendant's Exhibit 2.)  No jail-time credit was granted in either Case Nos. 2006-CR-200 or 2006-CR-582.

{¶ 7}  As of the date that plaintiff was returned to DRC's custody, his sentences, which totaled two years and six months, were calculated to expire on February 14, 2009. (Defendant's Exhibit 3.)  On December 12, 2006, plaintiff received a judicial release in his Greene County case. (Defendant's Exhibit 6.)  The sentences imposed in that case were then removed from the computation of his release date.  However, as a result of the concurrent sentences imposed in Montgomery County, there was no change to his previously calculated release date.

{¶ 8}  On November 6, 2008, the Montgomery County Court of Common Pleas issued a  jail-time credit entry in response to a pro se motion that plaintiff had filed.  The entry provided that plaintiff was to receive 131 days of jail-time credit in Case No. 2005-CR-4177 and 124 days of credit in Case No. 2006-CR-200.  (Defendant's Exhibit 16.) DRC received the entry on November 12, 2008, determined that it resulted in the

expiration of plaintiff's sentences, and released him that same day.

{¶ 9} "False imprisonment occurs when a person confines another intentionally 'without lawful privilege and against his consent within a limited area for any appreciable time, however short.'" *Bennett v. Ohio Dept. of Rehab. & Corr.* (1991), 60 Ohio St.3d 107, 109, quoting *Feliciano v. Kreiger* (1977), 50 Ohio St.2d 69, 71. The elements of a false imprisonment claim are: 1) expiration of the lawful term of confinement; 2) intentional confinement after the expiration; and, 3) knowledge that the privilege initially justifying the confinement no longer exists. *Corder v. Ohio Dept. of Rehab. & Corr.* (1994), 94 Ohio App.3d 315, 318.

{¶ 10} Plaintiff testified that he began to question the accuracy of his release date from the outset of his incarceration at CRC on April 6, 2006. He related that he communicated his concerns both verbally and in writing on numerous occasions. For example, on April 8, 2006, he sent a kite to defendant's Bureau of Sentence Computation (BOSC) stating that the "out date" that had been provided to him by DRC staff was incorrect, that he had served more than 135 days in the Greene County Jail, and that he had received credit for much less than that amount. (Plaintiff's Exhibit A.) Plaintiff testified that BOSC did not reply to his kites. Thus, on September 9, 2006, after being sentenced in Montgomery County and while awaiting transport from CRC, plaintiff sent a letter to BOSC requesting updated information on his jail-time credit and release date. (Plaintiff's Exhibit C.)

{¶ 11} After plaintiff was transferred to LCI, he began to communicate with various staff members regarding his release. He testified that he continuously advised DRC staff that his February 14, 2009 release date was incorrect. He stated that he frequently spoke with Sonja Holcomb, his DRC case manager, and that, although she was initially skeptical about his contentions, she eventually allowed him to view his sentencing information on the Department of Offender Tracking System (DOTS) that was accessible by computer. Plaintiff maintains that the DOTS information verified his

concerns. Plaintiff testified that he also voiced his concerns to his unit manager, Russell Parrish. On November 7, 2008, after he received his adjusted jail-time credit entry from Montgomery County, plaintiff sent a kite to the LCI warden, informing him of the matter and stating that he was being "held over." The warden responded that plaintiff's records could not be updated until BOSC received the court's journal entry, and that such had not yet occurred. (Plaintiff's Exhibit C.) Plaintiff was released from custody on the date that the entry was received.

{¶ 12} In addition to plaintiff, both Holcomb and Parrish testified at trial. Holcomb testified that she had never allowed plaintiff to view his information on the DOTS program, and that inmates were not permitted to do so. She stated that she had no authority to either recalculate inmate sentences or to request jail-time credit on an inmate's behalf. She also testified that she had, on at least one occasion, advised plaintiff that he needed to contact the sentencing courts regarding his issues. Parrish could not recall having any specific contact with plaintiff, but testified that his typical response to inmates' sentencing questions was to direct them to the law library, where they could obtain jail-time credit forms to send to the courts.

{¶ 13} Finally, Melissa Adams, BOSC's Bureau Chief, and Sheryl Izzard, a BOSC employee, testified regarding the bureau's methods for sentence calculation and, particularly, the calculation of plaintiff's sentence.

{¶ 14} Plaintiff contends that he made every effort to communicate to DRC staff that his release date had been miscalculated, and that DRC took no action to correct the error. He also argues that, pursuant to *State v. Fugate*, 117 Ohio St.3d 261, 2008-Ohio-856, jail-time credit associated with any one sentence must be applied to all other concurrent sentences, and that BOSC should have either applied his jail-time credit accordingly or inquired into the courts' failure to do.

{¶ 15} Defendant maintains that plaintiff cannot establish liability for false imprisonment because at all times it confined plaintiff pursuant to valid court orders.

Further, defendant argues that Ohio Adm. Code 5120-2-04 places the burden on inmates to contact the courts regarding sentencing issues, and that it has no independent authority to second-guess the courts' entries or to substitute its own judgment.

{¶ 16} Upon review of all of the testimony and other evidence presented, the court finds that plaintiff has failed to prove his claim by a preponderance of the evidence.

{¶ 17} It is well-established that "'an action for false imprisonment cannot be maintained where the wrong complained of is imprisonment in accordance with the judgment or order of a court, unless it appear that such judgment or order is void.'" *Bennett*, supra, at III, quoting *Diehl v. Friester* (1882), 37 Ohio St. 473, 475. (Additional citations omitted.)

{¶ 18} Although plaintiff repeatedly questioned the amount of jail-time credit to which he was entitled, he did not contest the facial validity of the courts' sentencing orders, nor was there any evidence or testimony that would call the validity of the orders into question. Moreover, pursuant to Ohio Adm. Code 5120-2-04,[1] inmates' sentencing questions must be directed to the sentencing court or to the county sheriff. According to his own testimony, plaintiff repeatedly questioned DRC staff rather than his sentencing courts or the county sheriffs. When he eventually did file a motion with the Montgomery County Court of Common Pleas in October 2008, he received the November 6, 2008 jail-time credit entry that effected his release.

{¶ 19} With respect to his jail-time credit, the court disagrees with plaintiff's interpretation of *Fugate*, supra. That case is factually distinguishable from the instant action in that it involved concurrent sentences that were imposed in only one criminal case. Fugate was convicted of two offenses which were committed while he was on community control. He served time in the county jail awaiting final disposition of those two charges as well as his community-control revocation; however, the sentencing court

---

[1] Ohio Adm. Code 5120-2-04 (H) provides in pertinent part that: "A party questioning either the number of days contained in the journal entry or the record of the sheriff shall be instructed to address his concerns to the court or sheriff. Unless the court issues an entry modifying the amount of jail time credit or the sheriff sends the institution corrected information about time confined awaiting transport, no change will be made."

granted credit only on his community control revocation, even though the sentences on all three offenses were to be served concurrently. In reaching its determination, the Supreme Court explained that, "when concurrent prison terms are imposed, courts do not have the discretion to select only one term from those that are run concurrently against which to apply jail-time credit. * * *  If courts were permitted to apply jail-time credit to only one of the concurrent terms, the practical result would be, as in this case, to deny credit for time that an offender was confined while being held on pending charges.  So long as an offender is held on a charge while awaiting trial or sentencing, the offender is entitled to jail-time credit *for that sentence*; a court cannot choose one of several concurrent terms against which to apply the credit."  *Fugate*, supra, at ¶12. (Emphasis added.)  Here, plaintiff served jail time on two different cases, at two different times, and for different lengths of time.  The Supreme Court gave no indication that its holding was intended to extend to such circumstances.

**{¶ 20}** Furthermore, while it is BOSC's duty under R.C. 2967.191 to apply jail-time credit and to calculate inmates' release dates, the law is clear that the responsibility for determining the amount of jail-time credit rests exclusively with the sentencing court.  *State ex rel. Rankin v. Ohio Adult Parole Auth.*, 98 Ohio St.3d 476, 2003-Ohio-2061, ¶7; *State v. Mills*, Franklin App. No. 09AP-198, 2009-Ohio-6273, ¶7. BOSC has no duty "to determine whether the sentencing court accurately specified the amount of jail-time credit in its sentencing entry."  *Trice v. Ohio Dept. of Rehab. & Corr.*, Franklin App. No. 07AP-828, 2008-Ohio-1371, ¶22.  As stated previously, there was no evidence that plaintiff's sentencing orders were invalid.  Moreover, the testimony of Adams and Izzard demonstrates that the information received by BOSC was correctly recorded and properly applied to determine plaintiff's release date.  Thus, defendant had a legal obligation to confine plaintiff until it was put on notice to do otherwise.

**{¶ 21}** For the foregoing reasons, the court concludes that defendant did not intentionally confine plaintiff without lawful privilege. Therefore, judgment shall be rendered in favor of defendant.

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

RION T. MACCONNELL

     Plaintiff

     v.

OHIO DEPARTMENT OF REHABILITATION AND CORRECTION

     Defendant
     Case No. 2009-01221

Judge Clark B. Weaver Sr.

<u>JUDGMENT ENTRY</u>

This case was tried to the court on the issue of liability. The court has considered the evidence and, for the reasons set forth in the decision filed concurrently herewith, judgment is rendered in favor of defendant. Court costs are assessed against plaintiff. The clerk shall serve upon all parties notice of this judgment and its date of entry upon the journal.

_____
CLARK B. WEAVER SR.
Judge

cc:

| | |
|---|---|
| Jennifer A. Adair | Richard F. Swope |
| Assistant Attorney General | 6480 East Main Street, Suite 102 |
| 150 East Gay Street, 18th Floor | Reynoldsburg, Ohio 43068 |
| Columbus, Ohio 43215-3130 | |

LH/dms
Filed June 6, 2011
To S.C. reporter June 22, 2011