[Cite as *Williams v. Ohio Dept. of Rehab. & Corr.*, 2012-Ohio-1253.]



# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

BRUCE A. WILLIAMS

    Plaintiff

    v.

OHIO DEPARTMENT OF REHABILITATION AND CORRECTION, et al.

    Defendants

Case No. 2011-06463

Judge Alan C. Travis

## ENTRY GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

{¶1} On November 3, 2011, with leave of court, defendants filed a motion for summary judgment pursuant to Civ.R. 56(B). On December 1, 2011, plaintiff filed a response with leave of court. Defendants' motion for summary judgment is now before the court on a non-oral hearing pursuant to L.C.C.R. 4(D).

{¶2} Civ.R. 56(C) states, in part, as follows:

{¶3} "Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. No evidence or stipulation may be considered except as stated in this rule. A summary judgment shall not be rendered unless it appears from the evidence or stipulation, and only from the evidence or stipulation, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence or stipulation construed most strongly in the party's favor." See also

*Gilbert v. Summit Cty.*, 104 Ohio St.3d 660, 2004-Ohio-7108, citing *Temple v. Wean United, Inc.* (1977), 50 Ohio St.2d 317.

{¶4} On September 8, 2008, the Summit County Court of Common Pleas sentenced plaintiff to a term of imprisonment in Case No. CR08-04-1104, which was to be served concurrently with his sentence in Case Nos. CR06-09-3257 and CR07-09-3048. Pamela Rudolph, an employee of defendant, Department of Rehabilitation and Correction (DRC), in its Bureau of Sentence Computation, states in an affidavit that plaintiff was to serve a one-year sentence for Case No. CR07-09-3048 and a 2.5 year sentence for Case No. CR08-04-1104. Plaintiff's sentencing entry granted him 86 days of jail-time credit. The sentencing entry also states, "Within 30 days, aggregate credit for all time served is to be calculated by the Summit County Adult Probation Department, and will be forthcoming in a subsequent journal entry." (Defendants' Exhibit A-1.) On September 18, 2008, plaintiff entered the custody of DRC. Rudolph avers that plaintiff also received 10 days of credit for conveyance.

{¶5} According to Rudolph, CR08-04-1104 was the "controlling sentence as to expiration of [plaintiff's] stated prison term." (Rudolph Affidavit, ¶5.) Further, on February 1, 2010, the Summit County Court of Common Pleas granted plaintiff an additional 15 days of jail-time credit in Case Nos. CR07-09-3048 and CR08-04-1104, and the aggregate total of jail-time credit on his controlling sentence was thus 111 days.

{¶6} Rudolph further avers that "[o]n November 21, 2008 Summit County Court of Common Pleas filed an entry granting Plaintiff 284 days of jail time credit for case CR07-09-3048. However, no entry was received regarding case CR08-04-1104, and since this case was his controlling sentence, his release date did not change." (Rudolph Affidavit, ¶8.)

{¶7} On September 23, 2010, the Summit County Court of Common Pleas issued an entry wherein plaintiff was granted an aggregate total of jail-time credit in Case Nos. CR08-04-1104, CR06-09-3257, and CR07-09-3048 of 299 days. The entry states, "In

response to the Defendant's Motion for Jail Time Credit, the Court finds that the Defendant is entitled to an aggregate total of 284 days jail time credit, and an additional 15 days of jail time credit as noted in the journal entry dated February 1, 2010, for a total aggregate credit of 299 days." (Defendants' Exhibit A-3.) Rudolph avers that DRC received this entry on September 29, 2010 and that plaintiff was released on the same day.

{¶8} Plaintiff alleges that based upon the jail-time credit he received in Case No. CR07-09-3048 in the court's November 21, 2008 entry, his sentence lawfully expired on May 24, 2010. Plaintiff brings this action for false imprisonment. Defendant asserts that it confined plaintiff at all times pursuant to a valid court order.

{¶9} False imprisonment occurs when a person confines another "'intentionally without lawful privilege and against his consent within a limited area for any appreciable time, however short.'" *Feliciano v. Kreiger* (1977), 50 Ohio St.2d 69, 71, quoting 1 Harper & James, The Law of Torts (1956), 226, Section 3.7; see also *Bennett v. Ohio Dept. of Rehab. & Corr.* (1991), 60 Ohio St.3d 107, 109.

{¶10} In order to prevail on his claim of false imprisonment, plaintiff must show that: 1) his lawful term of confinement expired; 2) defendant intentionally confined him after the expiration; and 3) defendant had knowledge that the privilege initially justifying the confinement no longer existed. *Corder v. Ohio Dept. of Rehab. & Corr.* (1994), 94 Ohio App.3d 315, 318. However, "'an action for false imprisonment cannot be maintained where the wrong complained of is imprisonment in accordance with the judgment or order of a court, unless it appear that such judgment or order is void.'" *Bennett*, supra, at 111, quoting *Diehl v. Friester* (1882), 37 Ohio St. 473, 475.

{¶11} Concerning the allocation of jail-time credit toward concurrent sentences, the Ohio Supreme Court has held that a sentencing court must award the jail-time credit associated with any one sentence to all other concurrent sentences. *State v. Fugate*, 117 Ohio St.3d 261, 2008-Ohio-856, syllabus. It is well-settled that the responsibility for determining the amount of jail-time credit to which a criminal defendant is entitled rests

exclusively with the sentencing court. *State ex rel. Rankin v. Ohio Adult Parole Auth.*, 98 Ohio St.3d 476, 2003-Ohio-2061, ¶7; *State v. Mills*, Franklin App. No. 09AP-198, 2009-Ohio-6273, ¶7. Although DRC has a duty under R.C. 2967.191 to apply jail-time credit to an inmate's sentence, it may apply only the amount of credit that the sentencing court determines the inmate is entitled. Id. DRC has no duty "to determine whether the sentencing court accurately specified the amount of jail-time credit in its sentencing entry." *Trice v. Ohio Dept. of Rehab. & Corr.*, Franklin App. No. 07AP-828, 2008-Ohio-1371, ¶22.

{¶12} To the extent that plaintiff argues that the jail-time credit he received in Case No. CR07-09-3048 should have been credited against his concurrent sentences, this "is essentially a legal challenge" to the entries of the Summit County Court of Common Pleas. See *Bell v. Ohio Dept. of Rehab. & Corr.,* Franklin App. No. 10AP-920, 2011-Ohio-6559, ¶19. According to the September 23, 2010 entry, based upon plaintiff's motion for jail-time credit, the court awarded plaintiff 299 days of jail-time credit in all three of his concurrent sentences. Upon receipt of this entry, DRC released plaintiff on the same day.

{¶13} In response to defendants' motion for summary judgment, plaintiff attached copies of the sentencing entry and court entries granting jail-time credit. Several of the copies are duplicates of those provided by defendants in support of their motion. However, plaintiff's documents are not certified nor are they properly authenticated. See Civ.R. 56(E); Evid.R. 902(4). Further, plaintiff has failed to present any evidence that any of the sentencing entries relied upon by DRC were invalid.

{¶14} Based upon defendants' motion, plaintiff's response, and the affidavit testimony of Rudolph, the only reasonable conclusion to draw is that at all times while plaintiff was in defendants' custody, he was imprisoned in accordance with the valid orders of the sentencing court. Therefore, defendants were lawfully privileged and required to confine plaintiff until they learned that such privilege no longer existed.

*Williams v. Ohio Dept. of Rehab. & Corr.*, Franklin App. No. 09AP-77, 2009-Ohio-3958, ¶16. After defendants learned that plaintiff was entitled to additional credit in Case No. CR08-04-1104 and that his sentence had thus expired, defendants released him. Because defendants did not continue to confine plaintiff after learning that they were no longer privileged to do so, plaintiff cannot prevail on his claim for false imprisonment.

{¶15} Based upon the foregoing, the court finds that there are no genuine issues of material fact and that defendants are entitled to judgment as a matter of law. Accordingly, defendants' motion for summary judgment is GRANTED and judgment is rendered in favor of defendants. Court costs are assessed against plaintiff. The clerk shall serve upon all parties notice of this judgment and its date upon the journal.

_____
ALAN C. TRAVIS
Judge

cc:

David C. Perduk
3603 Darrow Road
Stow, Ohio 44224

Kristin S. Boggs
Stephanie D. Pestello-Sharf
Assistant Attorneys General
150 East Gay Street, 18th Floor
Columbus, Ohio 43215-3130

JSO/dms
Filed January 24, 2012
To S.C. reporter March 23, 2012